REUBEN M. WEIDER, and SUSAN WEIDER, Plaintiffs in Error, *v.* BENJ. CLARK, Defendant in Error.

### ERROR TO McDONOUGH.

Where a fact is alleged in a bill and admitted by the answer, the admission is conclusive; and evidence tending to dispute it, should not be considered.

Moore owned a tract of land which he had mortgaged to Clark for $1,400. Weider wished to buy this tract from Moore for $2,000, and another tract from Clark for $1,600. It was arranged that Moore should convey his tract to Clark for the $3,000, less the mortgage, and that Clark should then convey both tracts to Weider for $4,600—Weider to pay $1,000 down, and give a mortgage for the balance. *Held*, that this was a sale of the whole premises from Clark to Weider, and that the mortgage being given for a part of the purchase money, Weider could not claim a homestead in the Moore tract to defeat a foreclosure.

THIS was a bill to foreclose a mortgage, filed in the Circuit Court of Hancock county, by Benjamin Clark against the plaintiffs in error. A change of venue was taken to McDonough county. The defendants filed a cross-bill setting up a homestead exemption.

The opinion of the Court gives a statement of all the points considered by the court.

GEO. EDMUNDS, and SCOFIELD, FERRIS & MANIER, for Plaintiffs in Error.

MACK & DRAPER, for Defendant in Error.

WALKER, J. The defendant, in his cross-bill, alleged that he was a householder, the head of a family, and resided on the premises in controversy, at the time when the notes and mortgage were executed. This was admitted by complainant's answer, and such portion of the evidence as shows, that he was not occupying the premises at that time cannot be considered, in opposition to that admission, so long as it remains. In determining the case, the admission must be regarded as true. But the question is, whether the notes and mortgage were given for the purchase money of these premises, and if so, the provisions of the homestead exemption law cannot be invoked to defeat the sale of the premises, for their satisfaction.

It appears from the record, that plaintiff in error had previously contracted with one Samuel Moore, for the tract in section seventeen, together with a small piece of timbered land, at the price of three thousand dollars. That defendant in error held

on it a mortgage to secure $1,400, which Moore owed to him. That plaintiff in error was unwilling to pay the money and receive a deed from Moore, until that mortgage was released. And that defendant in error was unwilling to execute a relese, until the money should be paid. It further appears that plaintiff in error wished to purchase of defendant in error the tract in section eighteen. And to accommodate all parties, it was agreed, that Moore should convey the quarter in section seventeen and the timber tract, to defendant in error, who should convey all three pieces to plaintiff in error for the sum of forty-six hundred dollars, pay Moore for his land, and look to plaintiff in error to have it refunded. The conveyances were thus made, defendant in error satisfied his mortgage against Moore, paid him the balance, and received from plaintiffs in error, one thousand dollars and his notes and mortgage to secure the balance of the forty-six hundred dollars.

That plaintiff in error agreed to pay defendant in error that sum of money for these lands, there can be no question. And it is equally indisputable, that these notes and mortgage were given to secure the balance. Defendant in error paid Moore for the land, and plaintiff in error does not pretend, that he directly paid Moore anything on the land, but he insists, that he paid Moore through defendant in error the purchase money for that portion which he purchased of him; or that he borrowed the money of defendant in error to pay Moore for it. We are unable to comprehend how that can be, when Moore conveyed to defendant in error, who paid him, and when plaintiff in error received a deed from him and became liable to pay him and not Moore. Defendant in error paid Moore the purchase money, and there is no evidence in the record, that he loaned plaintiff in error any portion of the amount paid to Moore, or that it was called or treated as a loan, except in the notes, to justify the reservation of eight per cent. interest.

The whole transaction, when stripped of mere forms, is clearly a sale of the land by defendant in error, and a purchase by plaintiff in error. The latter at the time paid the former one thousand dollars on the purchase. When Moore received his purchase money, it was paid to him by defendant in error. In no light in which the facts can be viewed, do we perceive that there is any evidence of a loan. We are therefore clearly of the opinion, that the notes and mortgage were executed to secure the purchase money of these several tracts of land, and that they are not subject to the defense of the statute exempting homesteads from sale.

It is, however, further urged, that the evidence shows that the decree is too large.    It appears that plaintiff in error paid in a draft of $700 and through Sweeney about $300, on the fifteenth of April, 1855.    This made the amount of the first note which fell due at or near that date, and this was no doubt designed to, and did satisfy and discharge that note. He again paid in December, 1858, the further sum of $321.22 through Foutch.    This sum does not seem to have been paid on other indebtedness, and unexplained must be held to have been on the last note, to foreclose which this bill was exhibited.    This last payment should therefore have been deducted.    But the decree was rendered for the amount of the note with six per cent. interest, without that credit, which was error.    The decree must therefore be reversed, and the cause remanded.

*Decree reversed.*