THE HOME INSURANCE AND BANKING COMPANY OF TEXAS

*v.*

AARON MYER.

1. MISTAKE—*reforming policy of insurance as to mistake in description of premises.* Where it is shown that there was a mistake in a policy of insurance in the description of the premises, in which were the stock of goods and fixtures insured, such mistake being mutual between the parties to the contract, it is competent for a court of chancery to reform the policy in that regard.

2. PLEADING AND EVIDENCE—*matter of defence in chancery must be within the scope of the answer.* It is a rule of equity pleading that a defendant is bound to apprise a plaintiff by his answer of the nature of the case he intends to set up, and that, too, in a clear, unambiguous manner; and that a defendant can not avail himself of any matter in defence which is not stated in his answer, even though it should appear in his evidence.

3. SAME—*as to admissions in the pleadings.* So, too, it has been held, where a fact is alleged in a bill and admitted in the answer, the admission is conclusive, and evidence tending to dispute it should not be considered.

4. SAME—*in the particular case.* Upon bill filed by the assured to correct an alleged mistake in a policy of insurance in the matter of description of the premises in which were the goods insured, the defendant company, in its answer, admitted that the policy alleged in the bill was issued in the form as it there appeared, and was issued by competent agents, upon a valid consideration, and no question was made but that for loss occurring under its provisions the company was liable,—the sole question made being whether there was a mistake in the description of the premises as alleged in the bill. Under this state of the pleadings it was held - inadmissible for the defendant company to set up in defence any alleged fraudulent conduct on the part of the assured in procuring the policy to be issued, or that the contract of insurance preliminary to the issuing of the policy was made with a person not authorized to bind the company,—such defences not being within the scope of the answer, or contrary to admissions contained therein.

5. INSURANCE—*adjustment by company's agent—how far conclusive.* Where an insurance company sends an agent to adjust a loss, it is estopped to sub-

sequently deny that it had proper notice of the loss, and it is, in the absence of fraud, concluded by the adjustment made by such agent,—so in such case there is no ground for the objection, in a suit on the policy, that the assured failed to make proofs of loss as required in the policy.

6. SAME—*excuse for not suing within the time prescribed in the policy.* Pending a suit by the assured on his policy of insurance, which was brought in proper time, the company made repeated promises to pay the loss, insisting there was no need of proceeding in the courts to enforce payment. The same promises were made after the then pending suit was dismissed for want of prosecution, the suit having remained on the docket for a year or more. In a suit subsequently brought, but not within the time prescribed in the policy, it was held such promises and declarations were a sufficient excuse for not bringing suit within the prescribed time, or the non-prosecution of a suit properly commenced.

7. INTEREST—*as against insurance company on amount of loss.* Where there is an express promise on the part of an insurance company to pay a loss which has occurred, interest is allowable on the amount, upon such promise.

APPEAL from the Appellate Court of the First District.

Mr. ADOLPH MOSES, for the appellant.

Messrs. STEELE & JONES, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity, by appellee against appellant, to rectify a mistake in a policy of insurance on a stock of goods and fixtures, and to enforce payment on the policy, when rectified, for loss.

The alleged mistake was in the description of the house in which were the stock of goods and fixtures. The policy describes the house as No. 57 Milwaukee avenue, Chicago, whereas, it is alleged, the intention was it should have described it as No. 59 Milwaukee avenue, Chicago.

The mistake is denied in the answer, and it is also therein alleged that there was no intention to insure any property at No. 59 Milwaukee avenue. The evidence leaves no reasonable doubt that the mistake was made as alleged in the bill. Appellee is clearly shown to have had no interest in the

house, or its contents—No. 57 Milwaukee avenue.   And it is also clearly shown that he did business at No. 59 Milwaukee avenue.   Appellee swears that he applied for insurance on the stock and fixtures in No. 59, and that appellant sent a solicitor, who examined No. 59 before the insurance was effected.   The mistake appears to have been mutual, and it is such as is competent for a court of equity to rectify.

It is contended, on behalf of appellant, however, that a court of equity should grant no relief here, because of the fraudulent conduct of appellee.   The application and preliminary contract for insurance appear to have been oral.   Appellee applied orally for insurance on the 28th day of July, 1874. On the same day, it seems, the application was accepted, and an oral contract made that he should have insurance from that day noon until the 28th day of July, 1875, noon.   On the morning of July 30 (between 3 and 4 o'clock A. M.) the loss occurred.   On the same day, but afterwards, the policy was issued and delivered to appellee.   It bears date July 28, 1874, and professes to insure from noon of that date, for one year, or until July 28, 1875, at noon.

Appellant claims that the oral contract for insurance, made on the 28th of July, 1874, was not made with any agent having authority to act in its behalf, but with one Howe, a street broker, who was solely the agent of appellee, and that when the policy was issued and delivered to appellee, on the 30th of July, knowledge of the loss which had then occurred was withheld from appellant's agents.   This position is not admissible under the pleadings.

In appellant's answer is this clause: " And this defendant, further answering, says that it admits that on or about the 28th day of July, A. D. 1874, this defendant did, by its duly authorized agent, issue to the said complainant a certain policy of insurance, of that date, upon certain goods and merchandize located at No. 57 Milwaukee avenue, in said city of Chicago; * * * that this defendant did, by the policy aforesaid, insure for the said complainant certain

goods and property located and situated at No. 57 Milwaukee avenue, said city of Chicago, and at no other or different place whatsoever; that said No. 57 Milwaukee avenue was expressly stated and described by the said complainant to be the proper and correct place where said property, so insured, was located at the time of the issuing of said policy, and that there was no intention, either on the part of this defendant, or of said complainant, that the property so covered by said policy should be insured at any other or different place than that named and fixed in said policy as aforesaid. And this defendant denies that there was any mistake in the insertion of said No. 57, in said policy, instead of the No. 59, as alleged in said bill."

In no part of the answer is the defence now insisted upon set up.

There is no question about the identity of the policy in evidence with that alleged in the bill. Here, then, is an explicit and unequivocal admission, that the policy issued for No. 57 was issued by competent agents, upon a valid consideration, and no question is made but that, for loss occurring under its provisions, appellant is liable—the sole question made being whether there was a mistake as to the number of the building in which was the insured property.

It is a familiar rule of equity pleading, " that a defendant is bound to apprise a plaintiff, by his answer, of the nature of the case he intends to set up (and that, too, in a clear, unambiguous manner); and that a defendant can not avail himself of any matter in defence which is not stated in his answer, even though it should appear in his evidence." 1 Daniel's Ch. Prac. (Perkins' Ed.) 725-6.

So, too, we have held, where a fact is alleged in a bill, and admitted in the answer, the admission is conclusive, and evidence tending to dispute it should not be considered. *Weider* v. *Clark*, 27 Ill. 251 ; *Fergus* v. *Tinkham*, 38 id. 407 ; *Campbell* v. *Benjamin*, 69 id. 244 ; *Morgan* v. *Corlies*, 81 id. 72.

But even if it were competent to consider the evidence on this point, we see no objection to the ruling below.

Myers' evidence is, in his direct examination, that Howe was in appellant's office, acting as its agent, when his contract for insurance was made. He says, also, a solicitor was sent by defendant's agents to examine the building, etc., before the contract was consummated. On his cross-examination, the effect of this evidence, as respects Howe, is much impaired. Still, we think it quite likely that this results chiefly from his inability to comprehend and speak the English language readily. He paid the premium for the policy, and there is no effort made to prove either that this was not received, or that it was offered to be returned. Snyder & Asay, who issued the policy, are admitted to have been appellant's agents. They are shown to have acted on the contract of the 28th, by attempting to issue a policy pursuant to its terms, without hesitation, and to have subsequently promised, unqualifiedly, to correct the mistake in it by inserting the proper number—59 instead of 57—in describing the building, even after they unquestionably knew of the loss. All the circumstances favor the view that the contract of the 28th was made by those who were authorized to bind appellant, and that there was no fraud in the issuing of the policy on the 30th.

It is also further contended, on behalf of the appellant, that appellee failed to make proofs of loss, and failed to bring suit, on account of the loss, within the time provided therefor by the policy.

There is evidence, which we do not feel authorized to say should have been disbelieved by the chancellor, that proof of loss was made within the time required by the policy, and that afterwards appellant selected, by its agents, one appraiser, and appellee selected another, and that these appraisers met and made an appraisement of the amount due appellee on account of his loss.

Where an insurance company sends an agent to adjust loss, it is estopped to subsequently deny that it had proper notice

276     Home Ins. Co. of Texas *v.* Myer.    [Sept. T.

Opinion of the Court.

of loss, and it is, in the absence of fraud, concluded by the adjustment made by such agent. *Fire and Marine Ins. Co.* v. *Chestnut,* 50 Ill. 112; *Insurance Company of North America et al.* v. *McDowell et al.* id. 120; *Illinois Mutual Fire Insurance Co.* v. *Archdeacon et al.* 82 id. 236.

A prior suit was commenced for the same purpose as the present suit, which was allowed to remain on the docket for a year or more, when it was finally dismissed for want of prosecution, but appellee's negligence and *laches* in this regard we consider sufficiently explained by evidence that there were repeated promises made, from time to time, while the suit was pending and afterwards, by appellant's agents, that appellant would pay appellee, or settle with him; and accompanying declarations that there was no need of proceeding in the courts to enforce payment.

Such promises and declarations are regarded as a sufficient excuse for non-compliance with a provision in a policy requiring suit to be brought within a stipulated time. *Phœnix Marine and Fire Ins. Co.* v. *Whitehill,* 25 Ill. 466; *Fire and Marine Ins. Co.* v. *Chestnut et al.* 50 id. 116; *Andes Ins. Co.* v. *Fish,* 71 id. 620. The principle equally excuses the non-prosecution and the dismissal of a suit commenced in apt time.

There was no error in the admission of the evidence objected to by the appellant.

The doctrine is well settled in this and other courts, that an insurance company may, at any time, at its option, give authority to its agents to make agreements, or to waive forfeitures, and that it is not bound to act upon the declaration in its policy that they have no such authority. Whether, in any given case, it has or has not exercised that option, is a fact provable by either written or parol evidence, notwithstanding a declaration in the policy to the contrary. *Insurance Co.* v. *Newton,* 96 U. S. (6 Otto) 234; *Eclectic Life Ins. Co.* v. *Fahrenkrug,* 68 Ill. 463; *The Trustees of First Baptist Church*

v. *The B. F. Ins. Co.* 19 N. Y. 305; *Myers* v. *The Keystone Life Ins. Co.* 27 Pa. St. 268.

The last objection urged to the decree is, that there is nothing in the evidence to warrant the allowance of interest. There is evidence of an express promise to pay appellee the amount of his loss. This evidence is not clearly overcome, and there can be no question but interest is allowable on such a promise.

On the whole, we see no cause to disturb the judgment of the Appellate Court. It is, therefore, affirmed.

*Judgment affirmed.*