## GEORGE A. LOUGHRIDGE

*v.*

## NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

*Opinion filed June 17, 1899.*

1. PLEADING—*allegation admitted by answer need not be proved.* An admission by the answer of an allegation in the bill is conclusive and proof of such allegation is unnecessary, whether the answer is sworn to or not.

2. FORECLOSURE—*when failure to prove an averment is not a substantial variance.* An averment in a bill to foreclose a mortgage, that a portion of the debt was twice extended, need not be proved, where the bill alleges that the whole amount due is a certain sum, which allegation is expressly admitted by the answer.

3. SAME—*court may allow items provided for in the mortgage.* The court may, on foreclosure, include amounts expended by the mortgagee for taxes, insurance and extension of abstract of title, where such items are authorized by the mortgage and the payments are shown by the evidence.

*Loughridge* v. *Northwestern Life Ins. Co.* 79 Ill. App. 223, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

CHARLES PICKLER, for appellant.

HOYNE, O'CONNOR & HOYNE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee filed its bill in the circuit court of Cook county to foreclose a real estate mortgage alleged to have been executed by C. E. and Gay Dorn to secure an indebtedness due it of $20,000, evidenced by their certain bond, the bond and mortgage being made exhibits to the bill. Though not shown by the abstract (which is very imperfect) it is admitted the bill alleged that subsequently to the recording of the mortgage the mortgagors conveyed the premises to the appellant, and that they

claimed an interest in the premises. A decree was entered in favor of complainant for the amount claimed in the bill, and this appellant appealed first to the Appellate Court, where the decree below was affirmed, and now prosecutes this appeal.

The bill alleges that $2000 of the secured indebtedness was twice extended; that for a default in the payment of a part of that indebtedness the complainant, on April 14, 1897, declared the whole amount of said loan due and unpaid, and that there was at that time due $19,700, with interest from November 1, 1896, at six per cent per annum; that by reason of the failure of the mortgagors and persons interested to pay taxes on the mortgaged premises, complainant, on April 26, 1897, advanced $253.92; that on May 7, 1897, it paid $250 for such insurance premiums, which sums, with six per cent interest, should be added to the principal amount due; that it became necessary to procure a continuation of abstracts of title and to incur further expenses in continuing abstracts, the amounts for which were also claimed.

To the bill appellant filed his answer, in which he admits that he purchased the premises, as alleged, "and assumed and agreed to pay, as a part consideration therefor, all liens and encumbrances thereon * * * and is now the legal owner of said premises, and admits that his interest in said premises is subject to the lien of complainant's said mortgage; * * * that both G. Dorn and C. E. Dorn are, with this affiant, personally liable to pay to complainant its said claim, amounting to $19,700, and interest and costs; * * * that this defendant stands ready and willing to pay the entire amount of said mortgage and interest to date." Other allegations of the bill are neither admitted nor denied, but full proof is required.

It was provided in the mortgage that the mortgagors should keep the premises insured for $20,000 and pay the taxes annually, and deliver to complainant, on or before

May 1, yearly, duplicate receipts for such payments, and that in case of failure to make such insurance or to pay such taxes the mortgagee might insure the premises and pay the taxes, the amounts so paid, with interest and expenses, to be added to the principal; that in default of any of the covenants in the mortgage the mortgagee might declare the whole amount due and foreclose for the same. It is also agreed in the mortgage that in case of foreclosure the Dorns should pay for continuing abstracts of title for the purpose of foreclosing, and reasonable solicitor's fees. The only grounds of reversal here urged are, first, that there is a variance between the allegations of the bill, proof and the decree; second, that the court erred in entering the decree for the tax payment of $253.92, and interest thereon, and also for insurance paid, $250, and interest thereon; also for the $48 and $7 for continuation of abstract.

On the first point a long list of authorities is cited as sustaining the proposition that in a chancery proceeding the bill, testimony and decree must correspond, and that the decree cannot go beyond these; that where the answer discloses other grounds of relief, the complainant, to avail of such relief, must amend his bill. Generally speaking, no one will deny this proposition; but the argument of counsel fails to show wherein there has been a substantial violation of the rule. It is said there is no proof whatever of the alleged extension upon the $2000 indebtedness. As shown, the bill, after that allegation, states that the whole amount due upon the mortgage was $19,700, and that allegation is expressly admitted by the answer. Where a fact is alleged in the bill and admitted in the answer, the admission is conclusive and evidence to establish it is wholly unnecessary. Neither can evidence be heard to dispute it. (*Home Ins. Co. of Texas* v. *Myer*, 93 Ill. 271, and authorities cited.) It is wholly immaterial whether the answer making the admission be sworn to or not. (*Daub* v. *Englebach*, 109 Ill. 267.) In view

of this allegation and admission by the answer, whether there was an extension of the $2000 is wholly immaterial.

The first contention on the second point is, that the appellant had until May 1, 1897, to pay the tax allowed by the decree, and that inasmuch as complainant paid it before that time, (April 28,) it could not recover. This position is based upon an assumption in direct conflict with section 177 of chapter 120 of the Revised Statutes, which provides that "all real estate upon which taxes remain due and unpaid on the 10th day of March annually, * * * shall be deemed delinquent." As to money paid for insurance and for extension of the abstract of title, we deem it only necessary to say that the payments were provided for by the mortgage and proven by the evidence.

Other grounds of reversal seem to have been urged in the Appellate Court but are not insisted upon here, and if they were, could not be sustained.

There is no substantial error in this record. The cause was properly disposed of by the Appellate Court, and its judgment will be affirmed.　　　　　*Judgment affirmed.*