## West Side Masonic Temple Association, Appellee, v. Robert B. Smith, Appellant.

### Gen. No. 16,952.

1. ASSOCIATIONS—*sale of real estate by officers.* Where certain officers of an association have been authorized to negotiate a sale of real estate, such officers must act jointly in order to bind the association.

2. CHANCERY—*admissions.* Where a fact alleged in a bill in chancery is admitted in the answer, such admission is conclusive and precludes the necessity of establishing the fact by proof.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed January 29, 1913.

OSSIAN CAMERON, for appellant; SAMUEL J. ANDALMAN, of counsel.

SAMUEL W. JACKSON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a bill filed by appellee against appellant in the Superior Court to set aside and declare null and void, as a cloud upon the title of appellee to certain real estate, an affidavit filed by appellant on January 11, 1909, in the recorder's office of Cook County, as follows:

"STATE OF ILLINOIS, ⎰ ss.
  COUNTY OF COOK. ⎱

Robert B. Smith, being first duly sworn, on oath, deposes and says, that on December 17th, 1908, he received a proposition in words and figures, as follows:

'CHICAGO, Dec. 17, 1908.

'MR. ROBERT B. SMITH,
        145 LaSalle St.,
                Chicago, Ill.

DEAR SIR:—

We will sell the West Side Masonic Association property, located on West Van Buren St., South front, on the N. E. corner of the alley, East of Ashland Avenue, 74x188.9 ft. for $10,000 cash, clear of all liens, taxes and assessments.

In case a sale is made by you at this price, we will pay you the usual commission of 2½%.

                Yours very truly,
                        JAMES M. PARNIE, President.
                                By D. S. BAIN,
                                D. S. Bain, Treasurer.'

That thereafter, on December 24th, 1908, affiant secured an enlarged and definite option on said premises up to and including January 20th, 1909, on the terms specified in the aforesaid writing both of which propositions and options were duly accepted by this affiant;

Thereupon affiant secured and now has a purchaser for said premises on the above specified terms, who is

ready, able and willing to consummate the deal in strict compliance with said terms.

Affiant further states that the legal description of said premises is as follows, to wit:

Lots Thirty-eight (38), Thirty-nine (39) and Forty (40) in Block Twenty (20) of the Canal Trustees' Subdivision of the West Half (W. ½) of the Northeast quarter (N. E. ¼) and the Northwest quarter (N. W. ¼) of Section Seventeen (17), Township Thirty-nine (39) North, Range Fourteen (14) East of the Third (3d) Principal Meridian, situated in the City of Chicago, County of Cook, and State of Illinois.

And further affiant saith not.

ROBERT B. SMITH.

Subscribed and sworn to before me this 9th day of January, A. D. 1909.

GERTRUDE HEISE,
Notary Public.''

Upon the hearing a decree was entered in accordance with the prayer of the bill and this appeal followed.

The evidence discloses that at a meeting of the stockholders of appellee association, held October 30, 1903, a motion was made to have the president, secretary and treasurer of the association negotiate a trade of the lots belonging to the association, and bring the matter before the board of directors, but it does not appear that such motion prevailed; that thereafter, on October 17, 1908, D. S. Bain, the treasurer of said association, purporting to have authority to act for the president, submitted to appellant the written proposition set forth in the affidavit above mentioned; that thereafter, on January 8, 1909, at a meeting of the directors of said association, an offer was made on behalf of J. T. Cunningham to purchase the property for $9,500, which offer was, on motion, accepted, subject to the approval of the stockholders; that at a meeting of the stockholders of said association, held on January 26, 1909, said action of the board of directors was approved and a contract for the sale of

the property to Cunningham was authorized to be signed, with the understanding that the purchaser should take the title, subject to the said affidavit of appellant filed for record in the recorder's office; that appellant had procured a purchaser for the property at $10,000, who was ready, able and willing to consummate the purchase by paying cash therefor.

There is no proof that appellant, on December 24, 1908, "secured an enlarged and definite option on said premises up to and including January 20, 1909," as stated in the affidavit in question. Whether or not D. S. Bain was authorized by the president to sign the latter's name to the communication addressed to appellant is a controverted question of fact, as to which, even if material, the decree must, upon this record, be held to be conclusive. As heretofore stated, it does not appear that the motion made at the meeting of the directors, held on October 30, 1903, authorizing the president, secretary and treasurer of the association to negotiate a trade of its property, ever prevailed, but if such motion did prevail the officials named must have acted jointly in order to bind the association. Brown v. Grand Rapids P. F. Co., 7 C. C. A. 225, 58 Fed. 286, cited by appellant in support of its contention that any one or all of the officials named were authorized to bind the association, is not in point. It was there held that a resolution authorizing the officers named to secure "any and all other creditors" by subsequent mortgages, did not require the giving of a mortgage to secure all other creditors, as the word "and" in that connection should be given the meaning of "or."

It is further urged that the court was without jurisdiction to grant the relief prayed, because of the absence of any allegation and proof that appellee was in possession of the premises, or that the premises were vacant and unoccupied. Appellant has evidently overlooked the fact that the bill specifically alleges that appellee "is now and has been for many years last

past, seized and possessed,'' etc., and that the answer to the bill specifically admits the truth of such allegation. It is well settled that where a fact is alleged in the bill and admitted in the answer, such admission is conclusive and precludes the necessity of establishing the fact by proof. Loughridge v. Northwestern Mut. Life Ins. Co., 180 Ill. 267.

There is no error in the record and the decree is affirmed.

*Decree affirmed.*