(No. 18192.—Reversed and remanded.)
OSCAR B. DEPUE, Appellee, *vs.* JOHN A. CORDELL, *et al.* Appellants.

*Opinion filed October 22, 1927.*

1. SPECIFIC PERFORMANCE—*burden is on complainant vendee to prove waiver of time element.* Where a contract provides that the vendee may accept the vendors' title as it stands within ten days after the expiration of time allowed for curing defects in the title and that if no such election is made within said time the contract shall become of no effect, a vendee suing for specific performance after having failed to make such election must prove that the vendors by their conduct waived the time element of the contract.

2. SAME—*authority of attorney to waive time element cannot be implied.* Authority of the vendor's attorney to bind him by an agreement to waive a time provision in a contract for conveyance cannot be implied.

3. PLEADING—*when complainant cannot take advantage of admission in answer.* Where a fact is alleged in a bill and admitted in the answer the admission is conclusive if full and unequivocal, but an admission in an answer is of no use to the complainant unless it be put in issue by some charge in the bill, and where the facts admitted are not in issue and need not be proved, called in question or disproved, the finding and decree cannot be based on such admission.

4. SAME—*what must be considered to determine whether defendant is bound by admissions in answer.* Before a defendant can be bound by admissions in his answer, the whole answer,—the denials and explanations as well as the admissions,—must be considered to determine whether he intended by his admissions to admit a fact put in issue by the bill.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

LEROY V. PENWELL, and GEORGE W. HESS, for appellants.

T. A. SHEEHAN, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is by John A. Cordell and William S. Hennessey from a decree entered in the circuit court of Cook county January 21, 1927, granting specific performance of a contract entered into between Cordell, as vendor, and appellee, Oscar B. Depue, as vendee.

The contract which is the subject matter of this suit was executed November 17, 1921, and provided for the sale of five unimproved lots suitable for commercial purposes, located on the southeast corner of Howard avenue and Robey street, in the city of Chicago. In the preparation of the contract the parties used the revised real estate board sale contract, Form 79, then in common use in Cook county. It required the vendor to furnish within a reasonable time a certificate of title issued by the registrar of titles of Cook county, or a complete merchantable abstract of title or a merchantable title guaranty policy made by the Chicago Title and Trust Company, and allowed the vendee ten days after receiving such evidence of title to deliver to the vendor a memorandum in writing specifying in detail such objections as he had to the title, if any. The contract further provided that if material defects found in the title

were not cured within sixty days after notice thereof, the contract should at the vendee's option become void, but gave to the vendee the right to elect to take the title notwithstanding the defects, provided he gave written notice of such intention to the vendor within ten days after the expiration of the sixty-day period and tendered performance on his part. In default of such notice of election to perform, and accompanying tender, within the ten-day period, the contract ceased to have any effect. November 30, 1921, an abstract of title was delivered to the attorney for appellee. Six days later the attorney delivered his opinion to appellant Cordell, pointing out certain objections to the title, and in a letter accompanying the opinion indicated that appellee would be ready to close the deal as soon as the objections were obviated. Beginning December 16, 1921, and continuing until January 10, 1923, appellee, through his attorney, made repeated demands upon appellants to carry out the contract. A number of letters were addressed to Cordell, but these were ignored. Many unsuccessful efforts were made to reach him by telephone, and he ignored requests to call appellee's attorney. The sixty-day period expired without any effort having been made to cure the defects in the title. Appellee did not serve notice on appellants that he would waive the objections and take the title as it was. The bill for specific performance was filed January 24, 1923.

When the contract was made Cordell was the owner of record, but appellant Hennessey was the owner of an undivided two-fifths interest in the property and Joseph Sahr was the owner of an undivided one-fifth interest. Subsequently Cordell acquired the interest of Sahr. Hennessey's interest in the property was not disclosed at the time the contract was made but he was present and participated in the negotiations resulting in its execution. November 30, 1921, Hennessey recorded a deed signed by Cordell and wife, conveying to him an undivided two-fifths interest, and

knowledge of Hennessey's interest came to appellee's attorney before the expiration of the period when he could have elected to take the title as it stood. Subsequent to February 14, 1922, the date upon which the contract by its terms ceased to be of effect, appellee's attorney met an attorney who was representing Cordell in a divorce proceeding pending against him and asked the attorney when the real estate transaction could be closed. The attorney replied that they would close the deal as soon as the divorce proceeding had been disposed of. To inquiries by the real estate broker who handled the deal, Cordell replied that he could not carry out the contract until he knew the result of the divorce suit then pending against him and until Hennessey had agreed to execute a deed conveying his interest in the property. At no time after the contract had expired by its terms did Hennessey indicate that he was willing to carry out the contract, and at no time, either before or after the end of the seventy-day period, did appellee agree to take such title as Cordell could convey.

When the ten-day period during which appellee could have elected to take a deed to the property, notwithstanding his objections to the title, expired, the contract became of no effect unless the vendors by their conduct waived its time elements. (*Mitchell* v. *White*, 295 Ill. 135; *Miller* v. *Shea*, 300 id. 180.) Where one of the parties to a contract contends that the contract has been modified by waiver or supplemental agreement, the burden is on him to prove his claim. (*Boardman* v. *Bubert*, 325 Ill. 38.) While there is evidence in the record of some interviews between Cordell and the broker who handled the transaction when the contract was made, and between appellee's attorney and Cordell's attorney, there is no proof of an agreement by Cordell to vary the terms of the contract. Cordell and appellee never met. There is no proof that Cordell invested his attorney or real estate broker with authority to bind him in any agreement they might make to waive the time ele-

327—17

ments of the contract, and this authority cannot be implied. *O'Donnell* v. *Henley*, (*post*, p. 406;) *Lanski* v. *Chicago Title and Trust Co.* 324 Ill. 367.

The finding of the master and the decree of the circuit court are based on the admissions in Cordell's answer. These admissions occur in paragraphs 4 and 10, which, as amended, read as follows:

"4. Further answering, this defendant, John A. Cordell, denies * * * that he made any statements alleged to have been made by the said John A. Cordell to the complainant as set forth in paragraph 4 of said bill of complaint, and said John A. Cordell says that negotiations were pending, and it was agreed between him and complainant that said negotiations, which were for a settlement of all matters in dispute between them, should be continued until after the entry of said decree, May 9, 1923."

"10. This defendant, John A. Cordell, answering paragraph 10 of said bill of complaint, says that after the entry of said decree of divorce request was made by or for the complainant to said John A. Cordell as alleged, but said requests were parts of said negotiations in the matter, and he did ascertain and caused information to be returned that said Hennessey declined to convey his interest in said real estate for two-fifths of the price mentioned in said supposed contract, and that said negotiations were never concluded."

An admission made in an answer is of no use to the complainant unless it be put in issue by some charge in his bill. (*Gregory* v. *Gregory*, 323 Ill. 380.) Where a fact is alleged in a bill and admitted in the answer the admission is conclusive. (*Home Insurance and Banking Co.* v. *Myer*, 93 Ill. 271.) The facts admitted are not in issue and so need not be proved, nor can they be called in question or disproved. Appellee produced evidence for the purpose of showing that appellants by their conduct waived the provision of the contract which required appellee to elect to take the title as it was within ten days after the expiration of

the period of sixty days allowed for curing defects pointed out in the objections to the title, and so it is evident that appellee did not try this case on the theory that Cordell had by his answer admitted that the contract continued in force beyond May 9, 1923. An admission, to be conclusive, must be full and unequivocal. An admission in an answer is no broader than the allegation in the bill, and so we must look to the bill to determine the effect of the admission.

· Paragraphs 4 and 10 of the bill read as follows:

"4. Your orator further represents unto your honors that subsequent to the execution of said contract for the sale of said premises by said Cordell to your orator, and during the pendency of said chancery proceedings between said John A. Cordell and Catherine Cordell, the said John A. Cordell stated to your orator at divers times and occasions that as soon as said chancery proceedings then pending in the superior court of Cook county, as aforesaid, between himself and his then wife would be terminated, he would convey said premises to your orator in accordance with the terms and conditions of said contract; that your orator, relying upon the statements and promises of said Cordell, believed that the vendor herein would keep and make good his promises to consummate said contract, did await the terms and conditions of said contract; that your orator, thereafter requested said Cordell to convey said premises to him as provided in said contract, and that Cordell failed and refused, and still persists in refusing, to convey said premises to your orator."

"10. Your orator further represents unto your honors that on divers occasions subsequent to the termination of the divorce proceedings hereinbefore referred to as instituted by said Catherine Cordell against said John A. Cordell, your orator requested said John A. Cordell to take the necessary steps to convey said described premises to your orator pursuant to said contract of sale, and said Cordell advised your orator that he was willing to do so on his part

but that said William S. Hennessey refused to convey his alleged two-fifths (2/5) interest in said premises either to your orator or to the said John A. Cordell."

A comparison between paragraph 4 of the answer and paragraph 4 of the bill shows that Cordell specifically denies that he agreed to carry out the contract after the termination of the divorce proceedings between him and his wife. What he admits is not that he agreed to continue in force the contract which by its own terms expired February 14, but that negotiations for settlement of the dispute between him and appellee should be taken up after the entry of the decree in the divorce suit. Paragraph 10 of the answer admits merely that appellee's representatives requested Cordell to take the necessary steps to convey the premises described in the contract and that he by investigation ascertained that Hennessey would not join him in such conveyance. There is no admission by him that he agreed to revive the contract or that he regarded the contract still in full force and binding on him. Before a defendant can be bound by admissions in his answer, the whole answer,—the denials and explanations as well as the admissions,—must be considered to determine whether he intended by his admissions to admit a fact put in issue by the bill. It is evident from the answer of Cordell that he meant to deny all the material charges made in the bill, and that the admissions upon which the decree is based were merely his explanation of the negotiations for settlement of the controversy arising out of the failure to convey the property as agreed in the contract.

The decree is reversed and the cause is remanded to the circuit court of Cook county, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*