Elizabeth T. Smith, Administratrix of the Estate of John Smith, Deceased, Appellee, v. The Fidelity Trust Company (Now Realty Agency Corporation), Appellant.

Opinion filed September 16, 1935.

FARMER, KLINGEL & BALTZ, of Belleville, for appellant.

L. P. ZERWECK, of Belleville, and W. J. CHAPMAN, of Alton, for appellee; MAYNARD H. MOTZ, of Edwardsville, and I. W. GIBERSON, of counsel.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

On July 30, 1930, appellee filed her bill against appellant, The Fidelity Trust Company, and one Berthold Heymann, for an accounting of funds claimed to have been intrusted to them by appellee for the purpose of investment.

On October 9, 1930, the defendants filed their joint answer, in which they averred: "These defendants admit that the complainant came to the Fidelity Trust Company and to Berthold Heymann, who was and is an officer of said Trust Company, and has immediate charge of the trust affairs of the Fidelity Trust Company, and further admit that the complainant did request the said Trust Company, through its officer and manager, the defendant Heymann, to make investments for her in the way of purchasing stock, bonds and other like securities, and to be prepared to advance her from time to time small sums of money which she might need."

The answer further set forth that the appellant, The Fidelity Trust Company, undertook to and did invest the funds of appellee as she desired, and later had a full and complete accounting and settlement with her. Replication being filed, the cause was referred to the master on October 17, 1930.

Thereafter, at divers times, testimony was offered by both parties before the master, who, on June 19,

1933, rendered his report in favor of appellee. On the same day the appellant, now represented by different counsel, entered its motion to withdraw the answer above referred to and for leave to file a further answer in the cause, alleging that said first answer inadvertently contained the clause before set out, and that it did not know said clause was contained therein and never consented thereto; also, that it never had possession or custody of any funds of appellee and never handled same; furthermore, that it was not organized, nor in existence, at the time she placed certain funds for investment purposes in the hands of said Heymann. The motion was overruled, whereupon appellant asked leave to reopen the case to take further testimony; which motion was allowed and additional evidence was offered by said trust company.

On June 11, 1934, the master filed his supplemental report, adopting the findings and conclusions of his original account, the principal feature of which was that appellant trust company, by the said admission in its answer, was precluded from disputing its liability to account to appellee. After overruling exceptions to such report, the court entered its decree against both The Fidelity Trust Company and Heymann, from which the former has appealed.

The chief contentions are that the proof shows that appellant was not connected with the transactions between appellee and Heymann, and that the court erred in overruling appellant's motion to withdraw the answer and for leave to file another.

Appellant asserts that by the Civil Practice Act, Item 3, section 46, Ill. State Bar Stats. 1935, ch. 110, ¶ 174, the right to amend pleadings is absolute, subject to the discretion of the court as to costs and a continuance, and that the court's refusal to sustain its said motion was an arbitrary denial of its statutory right.

The proceeding was instituted in 1930, and the motion filed and denied on June 19, 1933. This was before

the Civil Practice Act became effective. Rule One adopted by the Supreme Court, in aid of and to supplement such act, provides that all proceedings instituted prior to January 1, 1934, except certain enumerated exceptions, which do not include the pending cause, shall not be governed by the Civil Practice Act. The settlement of the pleadings was obviously governed by the course of practice in force prior to said last mentioned date, and the Civil Practice Act had no relation to or control thereof.

Under such former system the grant or refusal of leave to withdraw an answer and file another in its stead, was a matter resting in the sound discretion of the chancellor, to be exercised in furtherance of justice. *Drew v. Drew,* 271 Ill. 239; *Jones v. Jenkinson,* 316 Ill. 264. Whether or not the court rightly exercised its discretion in denying the motion is the controlling question in the case, and must be tested by rules of law which govern in such situations.

It is elementary that appellant, in order to avail itself of the grounds stated in its motion, must have pressed same upon the court as soon as it became aware of their existence, or within a reasonable time thereafter, or it will be held to have waived the right.

As previously observed, the answer was filed on October 9, 1930, and it is not disputed that same was drafted by a regularly employed and authorized solicitor. It remained on file, without objection or protest of appellant, until June 19, 1933, a period of nearly three years, during which time appellant, by its officers, appeared at the several hearings and gave testimony relative to the issue made by the pleadings. The solicitor who filed the answer had authority so to do, but appellant claims that its officers informed him that it had no connection with the business affairs of appellee, and that the admission which he made in the answer,

as to such matter, was wrongfully and inadvertently inserted therein, without its knowledge or consent.

The law charges parties to a suit with notice of the contents of pleadings filed in their behalf, and presumes that they knew and understood same. *Linn v. Clark,* 295 Ill. 22; *Ranken v. Probey,* 120 N. Y. S. 413; *Coward v. Clanton,* 79 Cal. 23, 21 Pac. 359. They have a right, however, to show that, as a matter of fact, the particular pleading was not authorized by them.

In *Ring v. Vogel Paint & Glass Co.,* 46 Mo. App. 374, it was held that there is a strong legal presumption that all acts of an attorney in the progress of a suit are done by the direction of the party whom he assumes to represent.

It is thus manifest that appellant was charged with knowledge of the contents of its answer, and in the absence of a satisfactory showing to the contrary, the court was warranted in finding that it had such knowledge.

Attached to the motion was an affidavit as follows: "Arthur W. Bischoff, being duly sworn, on oath states that he has read the foregoing motion, and that the facts therein stated are true, and that he is secretary of said defendant corporation"; which same was subscribed and sworn to by the affiant on June 19, 1933.

It will be noted that the affidavit, while reciting that the affiant was secretary of appellant, does not state over what period of time he held such position. For aught that appears he may have been such secretary for only a few weeks or days, and never, prior thereto, had any connection or acquaintance with the Fidelity Trust Company, nor any knowledge of its affairs. He further states that the matters averred are true, but does not set out circumstances or facts from which such inference may arise. The most that can be said is that it is the conclusion of the affiant, and based upon nothing from which the court might see that he knew

whereof he spoke. There is nothing to indicate that the president or other officials of appellant were not fully cognizant of all which the answer contained. The presumption of law, as we have seen, is that they knew the contents of the answer, and in our opinion the conclusion of the secretary to the contrary, based upon no stated facts from which such inference might fairly arise, does not overcome such presumption.

If appellant was aware that its answer contained an admission of business connection with appellee, and suffered same to remain, without protest, a part of the record in the cause, for almost three years, and during the interim defended upon the grounds set out in the answer, making no objection thereto until the master had rendered an adverse finding to its defense as therein stated, it is in no position to ask leave to withdraw the answer and file another which states a different defense.

Such a motion must be accompanied by an affidavit, deposition or other evidence, proving the truth of the matters of the proposed amendment. *Fielding v. Fitzgerald,* 130 Ill. 437, 441; *Higgins v. Curtiss,* 82 Ill. 28.

So far as the record discloses, the affidavit of Bischoff, before quoted, was the only evidence before the court upon the hearing of the motion, and we are constrained to hold that it was insufficient to overcome the legal presumption that appellant knew the contents of the answer, and that its attorney filed same with its sanction. For which reason we are of the opinion that the chancellor rightly denied the motion.

It is also contended that the proof shows that Heymann, alone, was the party with whom appellee dealt, and that appellant was not in anywise connected with the transaction. Where a fact is alleged in a bill of complaint, and the answer admits its existence, the admission is conclusive, and the fact may not be disputed. *Home Ins. & Banking Co. of Texas v. Myer,* 93 Ill. 271; *Depue v. Cordell,* 327 Ill. 254, 258. The ad-

mission of the answer must be regarded as true, and evidence to the contrary, if admitted, should not be considered so long as the answer so remains; *Weider v. Clark,* 27 Ill. 251; *Home Ins. & Banking Co. of Texas v. Myer, supra;* and it is wholly immaterial whether such answer is sworn to or not. *Loughridge v. Northwestern Mut. Life Ins. Co.,* 180 Ill. 267.

The admission of the answer being final and conclusive of appellee's contention that her business relations were with both the Fidelity Trust Company and Heymann, the decree holding the former liable was warranted, and should be affirmed.

*Decree affirmed.*