## Victor Atwood

### *v.*

### Cyrus L. Buck.

*Filed at Ottawa January 22, 1885.*

1. Assigning cross-errors—*limitation.* Where the record of a partition proceeding is brought before this court, and the plaintiff in error has assigned errors on that part of the decree that affects him injuriously, the defendant in error, under the statute, may assign cross-errors on the same record as to matters that affect him, even though such matters may have occurred more than five years before suing out the writ of error.

2. Evidence—*parol evidence as to proceedings in courts in a foreign jurisdiction—character of evidence admissible concerning disposition of will in court of another State.* It is not competent to prove by oral testi-

mony what proceedings may have been had in a court in any foreign jurisdiction. Such testimony that there was a contest as to a will in another State in its courts, is inadmissible, and can not be considered.

3. To prove that a will had been offered for probate in the probate court in the State of Vermont, where the testator formerly resided, and was rejected, some oral testimony was introduced, to the effect there was some contest concerning it, in such State, together with the following marks and entries on the will: "Filed March 27, 1855.—Z. Cooley, Clerk." "Rec. at the probate office, district of Georgia, Vermont, April 14, A. D. 1855.—J. Davis, Judge of Probate." "Cont'd to 17th of July, 1855." "Cont'd to July 31, 1855." "Cont'd to Sept. 15, 1855, when it was adjudged, on trial, that said instrument was not the last will and testament of the said M. B., the attestation not being according to the laws of Vermont.—James Davis, Judge." It was *held*, that the evidence was incompetent, and wholly insufficient to show there ever was any adjudication as to the will in any court in the State of Vermont.

4. Only record evidence is competent to prove an adjudication touching a will in the probate court of another State having jurisdiction of such matters. Memoranda of the clerk or judge of such court, on the back of the will, can not be taken as a record of any judicial determination, and foreign records must be exemplified and properly attested before they can be admitted in evidence.

Writ of Error to the Circuit Court of Warren county; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. Kirkpatrick & Alexander, for the plaintiff in error.

Messrs. Bull, Strawn & Ruger, for the defendant in error.

Mr. Justice Scott delivered the opinion of the Court:

The bill in this case is brought by William Buck, against Cyrus L. Buck, for the partition of certain lands of which it is alleged Murray Buck died seized, and which lands are situated in the county of Warren, in this State. After the bill was filed, William Buck became bankrupt, and on leave of court given for that purpose, the assignee, Victor Atwood, was substituted in his stead as complainant, and thereafter the suit progressed in the name of such assignee. All the other heirs of Murray Buck seem to have conveyed their interest in the lands involved, to defendant, Cyrus L. Buck, so

that the controversy is confined solely to the interest claimed by William Buck. On the hearing in the circuit court it was found complainant was entitled to one share of the lands in controversy that had belonged to his father in his lifetime, and it was so decreed.

The commissioners, in making partition, set apart to complainant one share,—that is, what was thought to be one-eleventh part of the land,—by a sufficient description, and then set off the residue of the lands to Cyrus L. Buck, and also the right of way over a strip thirty-three feet wide on the west side of the tract, previously set apart to complainant. The only question made by complainant on the record is, had the commissioners the right, under the decree, to allot a portion of the lands to complainant as his share, and then create an easement over or upon it in favor of the other party holding the residue of the estate. It is contended by complainant they had no such power. Complainant only brought up so much of the record of the circuit court as presented the question he makes upon it, but defendant assigned cross-errors under the statute, and afterwards, on *certiorari* from this court, caused a complete transcript to be brought up, so that now the whole record of the cause is before this court. The bill alleges Murray Buck died intestate, and it proceeds on that theory, otherwise complainant would be entitled to no relief. This allegation of the bill is denied by defendant, and he has assigned cross-errors, the principal one being, the court erred in decreeing that Victor Atwood, as assignee of William Buck, was entitled to any share in the property in litigation. A motion has been made by plaintiff in error to dismiss the cross-errors, for the reason, it is said, more than five years have elapsed from the time of rendering that part of the decree to which the cross-errors relate, and the suing out of the original writ of error herein. Since the return of the writ of *certiorari* issued out of this court, the entire record of the circuit court in the cause is before this court, and now

that plaintiff in error has assigned errors on that part of the decree that affects him injuriously, certainly defendant, under the statute, can assign cross-errors on the same record as to matters that affect him. Whether the question made can be raised on motion, or must be done by plea, will not be considered, for it is certain there is no statute of limitations that would bar defendant's right to assign cross-errors on the same record where plaintiff in error has assigned errors. His right to do so is secured by statute.

Prior to the death of Murray Buck, which occurred in March, 1855, in Knox county, in this State, where he had resided since the previous May, he made his will, which was executed and attested in conformity to the laws of Illinois. By the third clause of the will the testator devised the lands now in controversy, to defendant, Cyrus L. Buck, together with certain personal property that might be on the farm at his death. The will was duly proven by the attesting witnesses, and was admitted to probate on the 24th day of October, 1876, in the county court of Knox county, where the testator died, and where he left both real and personal property to be administered. Treating the will of Murray Buck as valid, and as having been regularly admitted to probate in Knox county, where the testator died, it would pass the entire title of the land to defendant, Cyrus L. Buck, and that would be the end of all controversy. But it is said the will had been presented to the probate court in the State of Vermont, where the testator had resided immediately preceding his coming to this State, and that it was there adjudged it was not the will of Murray Buck, and that the refusal of that court to admit it to probate is final and conclusive. One difficulty in regard to the position taken is, there is no competent evidence in the record to sustain it. There is some oral testimony in the record that there was a contest as to the will in Vermont, but of course that is to be rejected. It would certainly not be competent to prove, by oral testimony, what proceedings may have been

had in a court in any foreign jurisdiction. All the other testimony in the record on this branch of the case consists of certain entries appearing on the back of the will itself. The first is, "Filed March 27, 1855.—Z. Cooley, Clerk." Where it was filed, in what court, or who the party is that purports to file it, does not appear. The other file marks are as follows: "Rec. at the probate office, district of Georgia, Vermont, April 14, A. D. 1855.—J. Davis, Judge of Probate." "Continued to 17th of July, 1855." "Cont'd to July 31, 1855." "Cont'd to Sept. 15, 1855, when it was adjudged, on trial, that said instrument was not the last will and testament of the said Murray Buck, the attestation not being according to the laws of Vermont.—James Davis, Judge." The oral testimony is to the effect there was some contest in Vermont concerning the will, and that counsel was employed by the parties, but defendant had nothing to do with it. It is proven, at that time, and for a long time thereafter, he was incapacitated by mental weakness, induced by severe sickness, from giving the slightest attention to any kind of business. But it matters little what his condition was. The difficulty is, there is no competent evidence there was ever any adjudication touching the will, in any court or before any tribunal in the State of Vermont having jurisdiction of such matters. Only record evidence would be competent to prove that fact. The memoranda on the back of the will are in no sense the records of any judicial adjudications. They are not attested or exemplified, as is usually done to make records competent evidence in any foreign jurisdiction. Rejecting the entries on the will as no evidence there had ever been any adjudication in Vermont touching the will, there is absolutely nothing that militates, in any view of the law, against the jurisdiction of the county court of Knox county, in this State, to admit the will of Murray Buck to probate, as was done. It was proven to have been executed according to the laws of Illinois, where the testator resided at the time of his death, and that proof

was made a matter of record, which is all that is required to be done to establish it as the last will and testament of the decedent. That probate of the will stands unreversed, and no reason is perceived why defendant does not, under its provisions, take the entire land.

This view being conclusive of the whole case, it will not be necessary to consider the errors assigned by complainant. The cross-errors are well assigned, and the decree of the circuit court must be reversed, and the cause remanded for further proceedings conforming to this opinion.

*Decree reversed.*