PATRICK LEAHY, Appellant, *vs.* JOHN J. NOLAN *et al.*
Appellees.

*Opinion filed December 17, 1913.*

1. EQUITY—*allegations and proof must correspond in order to grant relief prayed.* In equity the allegations and the proof must correspond, and in order to grant the relief prayed for in the bill the court must be able to find that the facts alleged therein are true.

2. SAME—*when bill must be dismissed for want of equity.* If the allegations in a bill to set aside a deed are not established by the proof and no amendment of the bill to correspond with the proof is made the chancellor cannot do otherwise than enter a decree dismissing the bill, although the decree makes findings concerning the complainant's title according to the fact, which serve as notice and protect the complainant's equitable rights.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

S. L. & FRED LOWENTHAL, for appellant.

RUDOLPH FRANKENSTEIN, and THOMAS J. LYNCH, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Patrick Leahy, the appellant, filed his bill of complaint in the circuit court of Cook county against John J. Nolan and Mary Nolan, the appellees, and Patrick J. Nolan, praying the court to set aside a deed to lot 53 in a re-subdivision of block 4 in a subdivision described in the bill, in Cook county, which purported to have been made by appellant and his wife to John J. Nolan on September 29, 1909, and which was recorded in the recorder's office in said county. The ground upon which the prayer was based was that the deed was forged, and the bill alleged that the appellant could neither read nor write; that if there was a signature or mark on the deed purporting to be his it was

a forgery; that he had lived on the premises about thirty-five years and had always paid the taxes; that the appellee John J. Nolan made a deed of the lot on April 26, 1910, to Patrick J. Nolan, and that Patrick J. Nolan conveyed the premises, on July 8, 1911, to his mother, Mary Nolan. The appellees, John J. Nolan and Mary Nolan, answered the bill, denying that the deed was a forgery and alleging that it was made and subscribed by the appellant and his wife on condition that appellant should be permitted to occupy the premises during his lifetime, and that John J. Nolan and Patrick J. Nolan should care for and support him during his lifetime, out of the income and proceeds of the premises. Patrick J. Nolan, who was insane, answered by his guardian *ad litem,* and the bill was afterwards dismissed as to him. The cause was heard by the chancellor, and a decree was entered finding that the title to the premises was in the appellee Mary Nolan, to be held in trust by her for the appellant and for his use; that upon the death of the appellant the premises were to go to his heirs; that the premises should be held for the payment of an existing mortgage and any renewal of the same, and for moneys paid out for taxes or insurance, or for similar charges; that the rent, after payment of the charges, should go to the appellant; and that the appellees were not guilty of any fraud and acted in perfectly good faith in all matters touching the premises. Following these findings there was an order dismissing the bill for want of equity. The appellant was allowed an appeal, which he perfected.

The proofs did not correspond with or sustain the allegations of the bill or the answer. There was a complete failure to establish the charge made by the bill that the deed was forged. The evidence showed the following facts: Mary Leahy, wife of appellant, was ill and desired to make a will in his favor, and an attorney was sent for. She had no title to the lot or any part of it but only an inchoate right of dower, but the attorney understood from appellant

and his wife that the title was in both of them, and he therefore suggested making a deed to a third person, who would transfer the property back to the appellant and save the expense of going through the probate court. Accordingly he wrote a warranty deed to the appellee John J. Nolan, a nephew of the appellant, and it was signed by the appellant and his wife and acknowledged before a notary public. The attorney also wrote a deed from John J. Nolan to the appellant for the purpose of re-conveying the premises and carrying out the agreement. That deed was signed by John J. Nolan but was never acknowledged or delivered. Afterward, on April 26, 1910, John J. Nolan deeded the lot to his brother, Patrick J. Nolan, who is now insane, and who conveyed it, July 8, 1911, to his mother, Mary Nolan, a sister of the appellant. There was a mortgage for $900 on the lot when appellant and his wife made the deed, which was taken up by Patrick J. Nolan on April 14, 1910, and appellant gave Patrick his note for $900. The appellant remained in possession of the premises and was regarded by all the parties as the real owner of the property. Mary Nolan borrowed $900 by mortgaging the property, and the mortgage represents the same encumbrance formerly on the property. John J. Nolan never paid any taxes or insurance and had nothing to do with the property, and appellant has paid the interest on the mortgage and the taxes. Mary Nolan, sister of the appellant, testified that he was a poor, old creature and could not take care of himself, and she was just protecting him by holding the title, for if he had the title he would sell the premises and lose the proceeds.

It is the rule of courts of equity that allegations and proofs must correspond, and in order to grant the relief prayed for in a bill the court must be able to find that the facts alleged therein are true. The proofs did not sustain the charge contained in the bill and no amendment was made to make the bill correspond with the proofs. No

other course was open to the chancellor except to dismiss the bill on the ground that the appellant failed to prove the case made by it, but the chancellor took the precaution to make findings concerning the title according to the fact, which would serve as notice to anyone dealing with the property and would protect the appellant in his equitable rights.

The decree is affirmed.

*Decree affirmed.*