(No. 16675.—Reversed and remanded.)
LOUISE TUCKER, Appellee, *vs.* JESSIE TUCKER POWELL,
*et al.* Appellants.

*Opinion filed June 18, 1925—Rehearing denied October 9, 1925.*

1. DEEDS—*proof that a deed absolute on its face is a mortgage must be clear and convincing.* The party asserting that a deed absolute upon its face is in fact a mortgage must establish such fact by clear and convincing proof.

2. SAME—*when complainant is not entitled to a decree setting aside a deed.* A complainant in a bill to set aside a deed on the alleged ground that it was a mere pretense or sham and that it was not delivered is not entitled to the relief prayed where there is no attempt to prove said allegations; and the court cannot order the deed set aside on the theory that it was given to secure a bail bond, the condition of which had been fulfilled, there being no allegation that the deed was executed and delivered with the understanding that it was to be treated as a mortgage.

3. JUDGMENTS AND DECREES—*a bill should be dismissed where allegations and proof do not correspond.* If the allegations in a bill are not established by the proof, or if the proof establishes a state of facts not alleged in the bill and no amendment of the bill is made to correspond with the proof, the chancellor cannot do otherwise than enter a decree dismissing the bill.

APPEAL from the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding.

EARLY & EARLY, for appellants.

ROY F. HALL, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellee filed her bill in the circuit court of Winnebago county, reciting that her husband, Amos Tucker, died intestate, leaving her, his brother, Herbert Tucker, and his sister, Jessie Tucker Powell, one of appellants, as his only heirs-at-law, and alleging that Amos died seized of an undivided interest in certain real estate located in the south-

east quarter of the northwest quarter of section 24, township 44, north, range 1, east of the third principal meridian, in the county of Winnebago; that February 24, 1906, he was the owner of an undivided one-third interest in said property; that on that date he executed a quit-claim deed conveying the property to his sister, Jessie; that this deed was not delivered by him; that the deed was not intended to convey his interest to his sister but was a "mere pretense or sham and intended for some other purpose than to convey the title, the exact purpose of which is unknown;" that after making the deed he married appellee and they erected valuable improvements on the lands; that both before and after making the deed Amos occupied the property as a home and paid taxes on it. The bill concluded with a prayer that the interest of Amos in said premises be declared and for general relief. Appellants answered the bill, denying that the deed executed by Amos in 1906 was not delivered, and alleging that it was delivered to appellant Jessie Tucker Powell in consideration of love and affection and other good and valuable consideration; denying that the grantor did not intend to convey his interest to the grantee and that the deed was a pretense or sham and alleging that it was delivered with intent to convey title in fee simple; and denying that Amos and appellee occupied the premises as the owners thereof or that they paid the taxes extended against the land. A decree was entered finding, among other things, that the deed executed by Amos was delivered to Jessie, but that said deed was executed and delivered not as an absolute conveyance of the title to the property but as security to the grantee for signing a bail bond for the grantor in a criminal case then pending in Ogle county. The decree further found that Amos fulfilled the condition of the bail bond, so that no loss occurred to Jessie on account of signing the same. The chancellor ordered the deed set aside and held for naught and declared the title to the said premises conveyed by the deed to be in Amos at the time

of his death. In its decree the court specifically reserved for further consideration the prayer for partition. From the decree entered appellants have perfected an appeal to this court.

There is no direct evidence in the record showing that the parties to the deed intended, at the time it was executed and delivered, that it should be treated as a mortgage. Fred E. Carpenter, an attorney of Rockford, testified that he performed legal services for Amos Tucker on different occasions during his lifetime; that early in 1906 Amos was arrested on a warrant issued in Ogle county; that Amos and his sister, Jessie, were in his office at the time the deed in question was executed; that he prepared the deed and after it was executed he placed it on record; that on the same day Jessie signed Amos' bond; that he did not represent Amos in Ogle county and that he does not know what disposition was made of the case; that it was a bastardy case and that he is under the impression that a settlement was made. Carpenter does not testify that the deed was given as security for the signing of the bond. Aside from the inference that may be drawn from the fact that Amos improved and occupied the premises and paid the taxes on the same and did not pay rent to Jessie there is no evidence in the record even tending to support the finding in the decree that the deed was considered a mortgage by the parties. Before such a conclusion is justified the party asserting that a deed absolute upon its face is in fact a mortgage must establish his position by clear, satisfactory and convincing proof. (*Kelly* v. *Lehmann,* 297 Ill. 33; *Blake* v. *Taylor,* 142 id. 482.) *Probandi necessitas incumbit illi qui agit.*

Before a party is entitled to a decree his allegations and proof must agree. If the allegations in a bill are not established by the proof, or if the proof establishes a state of facts not alleged in the bill and no amendment of the bill to correspond with the proof is made, the chancellor cannot do otherwise than enter a decree dismissing the bill. (*Leahy*

v. *Nolan*, 261 Ill. 219; *Smith* v. *Kneer*, 203 id. 264.)  The
bill alleged that the deed was a mere pretense or sham and
that it was not delivered, but neither of these propositions
was proven nor was there any attempt to prove them.  There
was no allegation in the bill which even suggested that the
deed was executed and delivered with the understanding
between the parties that it was to be treated as a mortgage.

The decree is reversed and the cause is remanded to the
circuit court of Winnebago county.

*Reversed and remanded.*