(No. 17434.—Reversed and remanded.)
FRANCIS M. GREGORY *et al.* Appellees, *vs.* ALONZO J. GREGORY, Appellant.

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

1. PARTITION—*when appellees may assign cross-errors to portion of decree refusing to set aside deed.* In a suit by the heirs of a deceased tenant in common and the surviving co-tenant to set aside a deed executed by the co-tenants and for partition, on appeal of the grantee from a decree setting the deed aside only as to the surviving co-tenant the heirs may assign cross-errors as to the part of the decree refusing to set the deed aside as to their ancestor, the deceased co-tenant, as the decree is a unit and is not severable, nor does it have the effect of two distinct decrees.

2. PLEADING—*complainant's case must be completely stated in the bill.* While an informality in pleading is aided if the adverse party answers the defective pleading in such manner that the informality is expressly or impliedly supplied or rendered formal or intelligible, every fact essential to the complainant's right to maintain the bill and obtain the relief prayed must be stated in the bill, as no facts are properly in issue unless charged in the bill; nor can relief be granted for matters not charged although they may be apparent from other parts of the pleadings or the evidence.

3. SAME—*admission in an answer cannot cure failure to make charge in bill.* If an admission is made in an answer it is of no use to the complainant unless it is put in issue by some charge in the bill, as the bill is the measure of the power of the court to grant relief and the decree cannot be broader than the bill.

4. DEEDS—*a deed is presumed void where confidential relation exists—burden of proof.* Where a confidential relation exists and a deed is made without consideration to the person in whom the confidence is reposed the transaction is *prima facie* void, as from the mere existence of the relation the law presumes that the gift was obtained by improper means, and the burden is upon the donee to show that it was the free and voluntary act of the donor.

5. SAME—*what does not necessarily show undue influence.* The mere fact that the grantee procured an attorney to prepare the deed and procured witnesses to the transaction does not prove that the deed was obtained by improper means; nor does the fact that the grantee suggested to the grantor the preparation of the deed, where the evidence shows that the deed was the result of the independent action of the grantor and not of some improper action of the grantee.

6. SAME—*mere advice, argument or persuasion does not constitute undue influence.* Mere advice, argument or persuasion does not constitute undue influence if the grantor acts freely when he executes the deed, though the deed would not have been made except for the advice, argument or persuasion.

7. SAME—*what undue influence will invalidate a deed.* Undue influence means a wrongful influence, and to invalidate a deed the influence exerted must be of such a nature as to deprive the grantor of his free agency, so as to cause him to speak another's will rather than his own, and such influence must operate at the time of the execution of the deed.

8. SAME—*what duress will invalidate a deed.* To constitute such duress as will avoid a deed the pressure brought to bear upon the person seeking such avoidance must be so strong as to interfere with the free exercise of his judgment, and mere vexation and annoyance are not sufficient where the deed is knowingly executed and acknowledged in due form.

9. SAME—*when want of consideration is not material.* In a suit to set aside a deed executed by an uncle and aunt to their nephew on the ground of undue influence, the fact that the deed was executed without consideration is not material, as a grantor has as much right to give away his land as he has to sell it.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

GEORGE W. HUNT, for appellant.

L. O. EAGLETON, and J. E. DAILY, guardian *ad litem,* for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

September 8, 1921, Henry S. Gregory and Cornelia A. Gregory, brother and sister, owned as tenants in common an improved farm of 217 acres in Peoria county. On that date they executed a deed conveying this farm to Alonzo J. Gregory, a nephew, reserving "for themselves and the survivor of them the rents and profits and possession of said above described lands for and during the natural lifetime of said grantors and the survivor of them." Henry died October 30, 1921, intestate, leaving as his heirs his sister, Cornelia; two brothers, E. L. and John Gregory; two nieces and a nephew, the children of a deceased brother, George A. Gregory; two grand-nephews, children of a deceased daughter of George; one nephew, the only son of a deceased brother, David L. Gregory; and two nephews and a niece, the children of a deceased sister, Frances Ruhm. December 30, 1921, Cornelia in her own right, and all of the heirs of Henry except John Gregory, filed their bill in the circuit court of Peoria county to set aside the warranty deed executed by Henry and Cornelia conveying the lands in question to Alonzo and to partition the lands. The cause was referred to a master in chancery, who took the evidence and reported, recommending that the deed be set aside as to Cornelia and that it be confirmed as to Henry. The chancellor overruled exceptions filed to the master's report and entered a decree accordingly. Alonzo appealed from that portion of the decree setting aside the deed as to Cornelia and the complainants appealed from that portion denying the prayer to set aside the deed as to Henry. Appellant, Alonzo J. Gregory, perfected his appeal and filed a

complete record in this court. Complainants did not per-
fect their appeal but assigned cross-errors on the record filed
by appellant.

The first question presented is that raised by the motion
of appellant to strike the cross-errors of appellees. This
motion is based on the ground that the decree is severable,
and, in effect, two distinct decrees. This contention would
be sound if the only relief prayed were a cancellation of
the deeds and if the decree were limited to the granting or
denial of this prayer. This, however, is a suit for partition,
and the decree entered orders a partition of the lands in ac-
cordance with the interests found by the decree. Appel-
lant contends that the deed is valid and that there should
be no partition of the lands. Appellees contend that the
deed is void as to both grantors and that the decree should
have declared the interests of the parties as prayed and or-
dered partition accordingly. It is evident, therefore, that
the decree is a unit and that the cross-errors were properly
assigned. Such practice was recognized in *Atwood* v. *Buck,*
113 Ill. 268.

While the evidence in the record and the argument of
the attorneys for appellees cover a wide range, the issues
made by the pleadings are narrow. Among other things,
the bill alleges that Henry and Cornelia came into posses-
sion of the farm by virtue of the will of their father; that
they have never been married; that they occupied the prin-
cipal residence on the farm as their home; that a smaller
dwelling house on the farm was built for the use of Alonzo,
who operated the farm under an agreement with Henry;
that Henry owned all the personal property on the farm
and had the exclusive management of the farm; that Cor-
nelia lived with her brother and performed all the house-
hold duties but was not consulted concerning the manage-
ment of the farm and received no income from it; that the
receipts from the farming operations were kept in the bank
in Henry's name and that the expenses were paid from

this fund by checks drawn by Henry or Alonzo; that Alonzo operated the farm for about twelve years before the deed was made and that he transacted most of the business during the last few years of his uncle's life; that a confidential relation existed between Alonzo and Henry, and that Henry was sick and infirm because of disease and old age at the time the deed was executed. The bill further charges that Henry's signature to the deed is the result of the fiduciary relation existing between Alonzo and Henry and that Alonzo obtained Cornelia's signature by fraud and circumvention.

The bill does not charge that the grantors were mentally incompetent to execute a valid deed or that the deed was obtained from them by duress or undue influence. Appellees practically concede that the decree setting aside the deed as to Cornelia is based upon grounds that are not charged in the bill, but they contend that the omissions of the bill have been supplied by allegations in the answer of appellant. An informality in pleading is aided if the adverse party answers the defective pleading in such a manner that the informality therein is expressly or impliedly supplied or rendered formal or intelligible, (1 Chitty's Pl.—14th Am. ed. from 6th London ed.—*671,) but every fact essential to the complainant's right to maintain the bill and obtain the relief prayed must be stated in the bill. (Story's Eq. Pl.—6th ed.—sec. 257.) No facts are properly in issue unless charged in the bill, nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and the evidence, for the court pronounces its judgment *secundum allegata et probata.* (Fletcher's Eq. Pl. & Pr. sec. 87.) If an admission is made in the answer it will be of no use to the complainant unless it is put in issue by some charge in the bill. (Story's Eq. Pl.—6th ed.—sec. 264; *Jackson* v. *Ashton,* 11 Pet. 229, 9 L. ed. 698; *Equitable Mortgage Co.* v. *Finley,* 133 Ala. 575, 31 So. 985; *Middlebury Electric Co.* v.

*Murkland,* 89 Vt. 10, 93 Atl. 291; *Converse* v. *Blumrich,* 14 Mich. 109, 90 Am. Dec. 230.) The bill is the measure of the power of the court to grant relief. The decree can not be broader than the bill. A complainant must recover on the case made by his bill or he cannot recover at all. He cannot be permitted to state one case in the bill and make out a different case by his proof. *Tucker* v. *Powell,* 318 Ill. 166; *Sharkey* v. *Sisson,* 310 id. 98; *Rowan* v. *Bowles,* 21 id. 17; *Gregory* v. *Ford,* 14 Cal. 138, 73 Am. Dec. 639; *Stuart's Heirs* v. *Coalter,* 4 Rand. 74, 15 Am. Dec. 731.

Appellant does not contend that a confidential relation did not exist between him and Henry. Where such a relation exists and a gift is made to the person in whom the confidence is reposed by reason of the relation it is *prima facie* void. The law presumes from the mere existence of the relation that the gift was obtained by improper means, and the burden of proof is upon the donee to show that it was the free and voluntary act of the donor. (*Gilmore* v. *Lee,* 237 Ill. 402; 2 Pomeroy's Eq. Jur.—4th ed.— sec. 956.) Equity does not, however, deny the possibility of valid transactions between the two parties. The proof in this case shows, without contradiction, that Henry gave instructions to the lawyer who prepared the deed, to prepare a deed securing to his sister, Cornelia, a life estate in the entire farm and giving to Alonzo the farm after his sister's death. The fact that the deed signed by Henry and Cornelia did not grant to Cornelia a life estate in Henry's one-half interest is immaterial to a determination of the questions presented on this record. Two disinterested witnesses, who were present when the deed was executed, testify to facts showing that when Henry executed the deed he acted with full knowledge of the consequences of his act and that he acted independently and voluntarily. The mere fact that Alonzo procured the attorney to prepare the deed and procured the witnesses to the transaction does not prove that the deed was obtained by improper means. If it

.is admitted that Alonzo suggested to his uncle the preparation of the deed, such suggestion would not invalidate the deed where the evidence shows, as it does in this case, that the deed is the result of the independent action of the grantor and not of some improper action of the grantee.

The evidence shows that after Henry had signed the deed he called Cornelia from the kitchen and asked her to sign it. She read the deed over and discussed it with the attorney. After a full explanation of its import she refused to sign it and returned to the kitchen. Henry followed her and closed the door. After talking to her for several minutes he went into the yard and called Alonzo, who had gone to his residence across the road. Alonzo came into the kitchen and the three of them talked for twenty or thirty minutes. The witnesses did not hear the conversation between them and Cornelia does not testify to what was said during this conference. About thirty minutes after Henry followed her into the kitchen she returned to the sitting room, where the deed was lying on a table, and signed it. It is argued Cornelia's signature was obtained by undue influence. If there were a charge in the bill that the deed was obtained by undue influence there is no evidence in the record to support the charge. Mere advice, argument or persuasion does not constitute undue influence if the grantor acts freely when he executes the deed, though the deed would not have been made except for the advice, argument or persuasion. (*Campbell* v. *Freeman*, 296 Ill. 536.) To render a conveyance inoperative the influence exerted must be of such a nature as to deprive the grantor of his free agency. An undue influence means a wrongful influence,—such an influence as makes the grantor speak the will of another and not his own. (*Sargent* v. *Roberts*, 265 Ill. 210.) Undue influence which will avoid a deed must go to the extent of depriving the grantor of free agency, and such influence must operate at the time of the execution of the deed. *Fitzgerald* v. *Allen*, 240 Ill. 80.

The charge in the bill is inconsistent with the claim that the deed was improperly executed by Cornelia through the exercise of undue influence. The charge is that her signature to the deed was obtained by fraud and circumvention,—that is, her signature was procured to a deed when she thought she was signing a will. This charge is not supported by the evidence. She testifies that she read the instrument and that she thought it was a will. At another point in her testimony she says she was told it was a deed. Her testimony is so inconsistent and contradictory that little credit can be given it. The testimony of the witnesses to the transaction shows clearly that there was no substitution of papers and that the instrument she signed was the instrument which was read and explained to her.

When Cornelia refused to sign the deed Henry told her that if she did not sign it there would be a partition suit when he died and that the farm might be sold, depriving her of a home or place to stay. Both Henry and Alonzo told her that it would be best for her to sign the deed and that if she did not there would be trouble in the settlement of Henry's estate. On this evidence appellees base an argument that the deed was obtained from Cornelia by duress. Mere vexation and annoyance are not sufficient to justify the setting aside of a deed where it is knowingly executed and acknowledged in due form. To constitute such duress as will avoid a deed the pressure brought to bear upon the person seeking such avoidance must be so strong as to interfere with the free exercise of his judgment. (*Huston* v. *Smith,* 248 Ill. 396; *Rendleman* v. *Rendleman,* 156 id. 568.) Cornelia does not testify that her signature to the deed was obtained because of fear of what would happen if her brother should die without granting her a life estate in his property. The argument that the deed was obtained by duress finds no support in the allegations of the bill or the evidence in the record.

Appellees argue that a fiduciary relation existed between Alonzo and Cornelia and that the deed was executed by Cornelia as a result of this relation. This is another argument without basis in the bill or the evidence. The proof in the record shows that Alonzo transacted no business for or with Cornelia. There is no showing that she placed any confidence in him or that she ever consulted him about any of her affairs.

Evidence was introduced to show that Cornelia was mentally incompetent to execute a deed September 8, 1921, but there is no allegation in the bill to this effect. If there were, the evidence does not support such a contention. All it shows is that she was a woman who stayed at home and gave all her attention to her housework; that her tastes were simple and that she took no interest in the affairs of the community; that she permitted her brother to transact all the business concerning their farm and that she gave no attention to it. While Henry was trying to persuade her to sign the deed she argued that the deed did not dispose of the property in the manner their father would have desired, and that she did not think it was right to give all of it to Alonzo. Her conduct during the time she was being urged by Henry to sign the deed shows that she knew the effect of the instrument she was signing and that she signed it with a full understanding of its import.

Appellees make some point of the fact that the conveyance was made without consideration. This is immaterial. The owner of land has the same right to give it away as he has to sell it. (2 Tiffany on Real Prop.—2d ed.— sec. 438.)

We might have disposed of much of the argument of appellees by refusing to consider the evidence introduced to support issues not made by the pleadings, but we have preferred to dispose of the points on their merits. If the evidence introduced by appellees justified a decree in their favor we might have remanded the cause with leave to

amend the bill to correspond with the proof. Having concluded that appellees cannot on any theory sustain a decree setting aside this deed, no useful purpose can be served by remanding the cause for further hearing.

The decree is reversed and the cause is remanded to the circuit court of Peoria county, with directions to enter a decree dismissing the bill for want of equity.

*Reversed and remanded, with directions.*