**H. H. Messick and B. B. Liggett, Trading as State Loan Company, Appellants, v. Winfield H. Darnall and Nettie E. Darnall, Appellees.**

**Gen. No. 8,900.**

376

Opinion filed July 17, 1935.   Rehearing denied October 1, 1935.

COTTON & NICHOLS, of Paris, for appellants.

CHARLES F. TYM, of Paris, for appellees.

MR. JUSTICE ALLABEN delivered the opinion of the court.

H. H. Messick and B. B. Liggett, as partners, licensed to do business under the firm name of State Loan Company, on or about December 20, 1932, made a loan in the amount of $300, to Winfield H. Darnall and Nettie E. Darnall, the defendants appellees. The defendants appellees executed a note in this amount, and delivered it to plaintiffs appellants, securing the same by executing and delivering a chattel mortgage on certain personal property of defendants appellees.

At the same time defendants appellees delivered to plaintiffs appellants a note in the amount of $500, purported to be secured by a mortgage on real estate. Sometime later the defendants appellees delivered to plaintiffs appellants three other notes, one of Charles Nicholson in the amount of $68.69, one of Ralph Bussart, in the amount of $115.53, and one designated as W. D. Bottom, in the principal amount of $44.

Through various means plaintiffs appellants realized $71.27 on the latter notes, $25 of which was obtained after this suit was started, and all of which was credited on defendants appellees' indebtedness. Liggett testified that he made several attempts to notify Miller, the maker of the $500 note and mortgage, that he held the same as collateral security but he could not find Miller. Later the defendant appellee Darnall told Liggett that Miller had agreed to deed the land back to him. Liggett testified that Darnall asked him if he would just as soon hold the deed as a note and mortgage; that the deed was executed and delivered but not recorded. Both Mr. and Mrs. Darnall testified that Liggett demanded the deed, and in consideration therefor agreed to release the chattel mortgage. Subsequently, on the 6th day of February, 1934, plaintiffs appellants filed complaint in the circuit court of Edgar county to foreclose the chattel mortgage securing the $300 note. To this complaint defendants appellees filed an answer and counterclaim, alleging that certain property was included in the chattel mortgage that did not belong there, that defendants appellees had delivered certain notes to plaintiffs appellants, and they should receive face value of these notes as a credit; that the deed given to Liggett had been accepted by him in lieu of their indebtedness, and that the defendants appellees were entitled to credit on account of sale of stock in a certain corporation. To this answer and counterclaim plaintiffs appellants replied, admitting that certain notes were delivered to plaintiffs

appellants as additional collateral security, and averring that the amounts collected on these notes had been applied to their indebtedness, and averred that at no time did plaintiffs appellants receive the deed or other items in satisfaction of the debt owed by defendants appellees. Upon trial by the court, a judgment was entered that the deed should be accepted by plaintiffs appellants in full satisfaction of defendants appellees' indebtedness; that the note should be returned to them, and the chattel mortgage released and canceled. A motion for new trial was made and overruled, and this appeal is prosecuted from that judgment.

It appears to us that the only question to be decided in this case is whether the deed given by Darnalls to Liggett can be construed either by the evidence in this case or the acts of the parties to have been given in satisfaction of the chattel mortgage, or whether it was taken as collateral security thereto. As has been pointed out the testimony of Darnall and his wife is to the effect that Liggett agreed to take the deed in satisfaction of the chattel mortgage and notes, and this testimony is contradicted by Liggett. So far as the testimony is concerned there is a direct conflict, and while both Darnall and his wife testify to the same thing, they both have an identity of interest and feeling in the case. This is clearly expressed in the case of *Knowles v. Knowles,* 86 Ill. 1, 6: "Identified in feeling and interest as are the defendants, as husband and wife, we do not regard their evidence alone as sufficient to overcome the equally positive evidence of the complainant, supported as it is by the absolute form of the deed and the fact that no written evidence was made either of a condition of defeasance or of the existence of a debt. There is no testimony given by an entirely disinterested witness, conclusive in its character, as to what the transaction was." It would, therefore, appear that this case resolves itself into a

situation where the intention of the parties must be determined from their acts, rather than from the conflicting testimony relative to their intentions.

It appears that when Liggett took the deed to the land which was a warranty deed, absolute on its face, the defendants appellees got back the $500 note and the mortgage securing the same, but they did not get back the chattel mortgage, or the note it secured, or the other notes held as collateral. This would seem to support the testimony of Liggett that when he was asked it he would not just as leave have the deed in place of the mortgage and note he took the deed to the premises and gave back the $500 note, and the mortgage which secured it, which was allegedly a lien upon the premises conveyed. We are led to inquire further why the defendants appellees did not demand the chattel mortgage and note when they delivered the deed, if it was the intention of the parties that the deed should be given in satisfaction of these items. It is noteworthy we think that no explanation of this is given by the defendants appellees, and that the chattel mortgage and note were still in the possession of Liggett at the time he commenced his suit.

It appears to be the well settled law in this State that until the contrary is shown the presumption is that an indebtedness is not satisfied by a conveyance where the creditor retains the evidence of indebtedness. This rule has been laid down in the case of *Sutphen v. Cushman,* 35 Ill. 186, in which the court said: ''We are of the opinion that the deed . . . should be regarded as a mortgage from the facts in relation to which there is no controversy. The appellant was indebted to the appellee at the time the conveyance was made, and there is no evidence whatever of the discharge of that indebtedness. The bond and note . . . were retained by the appellee, as well as the Lighthall notes which had been pledged as security; and the payment of the indebtedness might have been enforced at any time

thereafter. Until the contrary is shown, the presumption is that the indebtedness was not satisfied by the conveyance; and absolute certainty in regard to the fact takes the place of presumption in case the creditor retains the evidence of the indebtedness, the securities pledged for its payment, and collects the money due upon such securities. We have not considered whether the transaction was a profitable one for the appellee, or such as a business man would be likely to make. It is sufficient for us to know that when he took the conveyance on account of a pre-existing indebtedness, without in any manner canceling or discharging it, that equity will regard the deed as a mortgage, whether he so regarded it or not.''

The holding in this case has been specifically approved in the case of *Wallace v. Greenman,* 321 Ill. 423, wherein the court cited the *Sutphen* case, and said: ''The facts in this case are aided by the presumption long existing in this State, that where the grantor is indebted to the grantee at the time of the conveyance and the note evidencing such indebtedness is retained by the grantee, such indebtedness was not satisfied by the conveyance, and, until the contrary is shown, the presumption is that the instrument, though a deed absolute on its face, is a mortgage; and this applies whether the transaction was one profitable to the grantee or not.''

It is contended on behalf of the defendants appellees that the various notes, in addition to the chattel mortgage note were to be taken at face value by plaintiffs appellants in payment, and that this accompanied by an alleged credit due as a commission for selling certain stock would constitute payment of the $300 note. The contention of $200 due as commission is not well founded since the trial court did not find for the defendants appellees on this claim, and no cross errors were assigned by them. As to the other items suffice it

to say that the rule appears to be in this State that where a written instrument calling for the payment of money is in the hands of the payee and is uncanceled, it raises a rebuttable presumption that the debt evidenced by the document representing the obligation has not been paid, except in so far as it shows payments credited upon it. (*Steumbaugh v. Hallam,* 48 Ill. 305; *Douglas v. Pfeiffer,* 46 Ill. 102.) Credit for these various notes was not shown upon the chattel mortgage note. There appears to be nothing in the evidence in this case upon behalf of defendants appellees to explain why they were not so credited, if that was in fact the intention.

Following the authorities cited we believe that the trial court erred in entering judgment directing the plaintiffs appellants to return the property described in the chattel mortgage to the defendants appellees, and in holding that the deed to the land in question constituted payment for the chattel mortgage and notes, and of the other items held as collateral by plaintiffs appellants.

The judgment of the trial court is, therefore, reversed, and the cause remanded with directions to the trial court to enter judgment for foreclosure for the plaintiffs appellants on the chattel mortgage for the full amount thereof, less a credit of $71.27, admitted by plaintiffs appellants.

*Reversed and remanded with directions.*