Edwin J. Sheldon and Ruth L. Sheldon, Appellants, v.
George A. Brandstetter and Eva I. Brandstetter,
Appellees.

Gen. No. 9,996.

Heard in this court at the October term, 1944. Opinion filed February 8, 1945. Rehearing denied April 30, 1945. Released for publication May 1, 1945.

SNYDER & CLARKE, of Waukegan, for appellants; GERALD C. SNYDER and LEWIS D. CLARKE, both of Waukegan, of counsel.

RUNYARD & BEHANNA, of Waukegan, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

Edwin J. Sheldon and Ruth L. Sheldon brought an action in the circuit court of Lake county against George A. Brandstetter and Eva I. Brandstetter to have a deed, which was absolute on its face, declared a mortgage and to allow them the right to

redeem the property. The complaint alleges that the plaintiff, Edwin J. Sheldon, was the owner of the premises in question, which he purchased for $2,500; that he made improvements on the same costing approximately $8,500; that on Aug. 28, 1935, he was the owner of said premises and on that date a foreclosure proceeding was instituted against him; that a decree of foreclosure of the mortgage was entered, on Oct. 31, 1935; that the plaintiff, Edwin J. Sheldon, requested the defendants to loan him the money to satisfy the foreclosure proceeding, and that such a loan was made, and the deed in question, was given to secure said loan; that this deed was given merely as security, and not as an absolute conveyance of the property; and that the plaintiffs remained in possession of the same up to, and including the time of the filing of the complaint; that the plaintiffs are now ready, able and willing to pay, and have offered to pay the loan; that the defendants refused to account to the plaintiffs for monies repaid on the loan and refuse to return the premises, and have served notice upon them demanding possession of the premises. The complaint prayed for an injunction to restrain the defendants from instituting a suit for the possession of the premises, and to have an accounting taken, and that a time for redemption be fixed, and that on the payment of redemption money, the defendants should be compelled to reconvey the premises to him.

The defendants filed an answer denying that the plaintiffs were in the exclusive possession of the premises; denied that any loan was requested, or agreed to be made by the defendants to the plaintiffs. They admit the execution, and delivery of the deed in question, and allege that it was for a good and valuable consideration, and was for the purpose of purchasing the property. The answer further alleges that the plaintiffs have been in possession of the premises, as tenants of the defendants, and that any payments that

were made, were made as rent, and not a repayment of any loan. The answer admits that the defendants have refused to reconvey the premises to the plaintiffs, and have refused to make an accounting, and allege that the deed was given as an absolute purchase of the premises. They admit that they will institute a forcible entry and detainer proceeding against the plaintiffs, unless restrained by an order of the court. The case was heard before the court without a jury. The plaintiffs introduced evidence to sustain their contention, and at the close of the evidence, the defendants entered a motion for judgment. This motion was taken under advisement.

The defendants introduced evidence in support of their contention that the deed was absolute, and not a mortgage. The court found that the deed was what it purported it to be, and not a mortgage, and entered a decree to that effect. It is from this decree that the appeal is prosecuted to this court.

Edwin J. Sheldon testified in his own behalf, and stated the amount that he had invested in the property; that there was a mortgage on the property which, together with special assessments, costs, etc., amounted to about $4,400; that there was a foreclosure suit started against him, and that a decree of foreclosure had been entered in said suit; that he asked the Brandstetters to make him a loan on the premises and redeem the same for him; that the Brandstetters agreed to this procedure, and loaned the money to him, but demanded a deed as security for the loan, instead of a mortgage, and pursuant to such agreement, the deed was executed.

Eva Brandstetter handled the transaction for the defendants, and she flatly denies that there was any request made for a loan, or that the defendants ever agreed to make the Sheldons a loan, but they only discussed a sale of the property; that prior to the transaction in question, Sheldon had been a tenant of a

garage of the Brandstetters, and were in arrears over $1,300 for rent; that a note was executed by Sheldon for this rent in 1931, and that in 1933, another discussion was had about further arrears in rent, and the Sheldons executed two notes of $700 each for back rent; that a judgment by a confession was taken on the $1,300 note; that at the time of the deed transaction, Mrs. Brandstetter mentioned the fact that this note had been placed in judgment, and in figuring the amount of the purchase price of the property, this judgment was included in the amounts of indebtedness that Sheldon owed, which was approximately $6,000. She testified that she was acquainted with the price of real estate, such as this, in the Village of Grays Lake, and, in her opinion, it should be $6,000. Mrs. Brandstetter further testified that a lawyer drew the deed at her request; that he figured the amount of rent that would be reasonable for the property in question; that he estimated it at a little below $40 a month, between $35 and $40. Mrs. Brandstetter asked Mr. Sheldon if he could pay $40, and he said, "He could." It was agreed that the payments that Mr. Sheldon made, were to be applied on the rent for the property.

Mr. Sheldon testified that he sold an automobile to Mrs. Brandstetter, and that it was agreed that the purchase price should apply on the payment of the property. Mrs. Brandstetter denied this, and said there was nothing stated in the conversation about how the money should be applied; that she applied it on the rent of the garage. She further testified that after the judgment had been taken on the $1,300 note, no request was ever made of Mr. Sheldon to pay it; that it was considered paid, although it was not released on the record.

The appellants contend that the burden is on the defendants to prove that the deed was in fact a deed and not a mortgage. The defendants insist that the burden of proof is on the plaintiffs to prove that the

deed is not what it purports to be, but is a mortgage. The appellants cite several cases as to the rule to be followed, that where the grantor is indebted to the grantee, and the indebtedness is not satisfied, a deed absolute on its face is presumed to be a mortgage. *Sutphen v. Cushman,* 35 Ill. 186; *Wallace v. Greenman,* 321 Ill. 423; *Messick v. Darnall,* 281 Ill. App. 375. An examination of these cases discloses that they do so hold, but they do not hold that the burden of proving the plaintiffs' case shifts to the defendants. A presumption is not evidence in itself, but is a mere legal conclusion from facts proven, which may be rebutted by evidence. Presumptions are never indulged in against established facts. They are indulged in only to supply the place of the facts. As soon as evidence is produced, which is contrary to the presumption which arose before the contrary proof was offered, the presumption vanishes entirely. *Osborne v. Osborne,* 325 Ill. 229. In the case of *Tucker v. Powell,* 318 Ill. 166, it is stated: "Before such a conclusion is justified, the party asserting that a deed absolute upon its face is in fact a mortgage, must establish his position by clear, satisfactory and convincing proof." This rule is followed in numerous other cases, both in the Supreme and Appellate Courts. Any presumption that may have existed in favor of the plaintiff at the time of the trial of the case, vanished when the defendant introduced evidence to rebut the presumption.

The trial court had the advantage of hearing and seeing the witnesses testify, and under such circumstances, his decision should be given great weight by an Appellate Court. After reading the evidence, it is our conclusion that the circuit court properly held that the plaintiffs did not establish their case by a preponderance of the evidence, and were not entitled to the relief, as prayed for in their complaint.

The decree of the circuit court is hereby affirmed.

*Affirmed.*