In re Application of Livia Havill and Katie M. Havill to Register Title to Real Estate, Plaintiff Below, v. Edward J. Kaindl, Registrar of Titles of Cook County et al., Defendants Below.

Luka Matanic et al., Appellants, v. John Krajach et al., Appellees.

Gen. No. 43,140.

Heard in the third division of this
court for the first district at the October term, 1944.
Opinion filed March 21, 1945. Rehearing denied April 10, 1945. Released for publication April 10, 1945.

DANIEL D. GLASSER, of Chicago, for appellant; RICHARD C. LINDBERG, of Chicago, of counsel.

J. PAUL DUNNE, of Chicago, for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Under a decree of the circuit court of Cook county entered November 6, 1913, two parcels of real estate located in Chicago were registered in the office of the registrar of titles of Cook county in the names of Livia Havill and Katie M. Havill. By mesne conveyances the title became vested in Peter Matanich and Bara Matanich, his wife, not as tenants in common but as joint tenants. On December 12, 1940, Peter Matanich died, and title vested in his widow, Bara Matanich, as surviving tenant. On June 30, 1941 two deeds were filed for record with the registrar of titles,

each dated June 17, 1941, the first conveying the two parcels of real estate from the widow to Evelyn B. Stajkowski, a spinster, and the second from Evelyn B. Stajkowski to the widow, John Krajach and Violet Krajach, his wife, not as tenants in common, but as joint tenants, and certificates of title showing the change in ownership were issued by the registrar. On June 4, 1942 Bara Matanich filed a petition in the land registration case in which the original decree was entered. She represented that her signature to the deed dated June 17, 1941 was obtained on the false representation that she was signing a bond in connection with a claim for damages on account of the wrongful death of her husband; that she signed by mark; that the deed was fraudulently procured; that it was without consideration of any kind; that the Krajachs obtained her "confidence;" that a "fiduciary relationship" was created; that she was a person of advanced years, in ill health, unable to read, write or understand the English language; that she did not acquire any knowledge as to the effect of the purported deeds "for a long time;" that upon becoming aware of the fraud perpetrated upon her, she retained an attorney; that neither John Krajach or Violet Krajach exercised or attempted to exercise any control over the real estate; and that the management and control has been entirely in her hands. She prayed that a decree be entered setting aside, cancelling and declaring void the deeds dated June 17, 1941; that the memorials of such deeds be removed from the registers of title; and that the registrar be directed to issue a certificate of title to her showing title to the parcels of real estate to be vested in her, free and clear of all liens and encumbrances, except unpaid taxes.

An answer filed by John Krajach and Violet Krajach denied that they obtained or attempted to obtain the confidence of Bara Matanich, or that a fiduciary relationship was created; and asserted that they and Bara

Matanich had been intimate friends for a number of years; that she was a woman of more than 60 years; that she was suffering from a malignant tumor; that as friends of hers they spent a great deal of time in transporting her to hospitals for treatment and in caring for her; that after the death of her husband she told them on many occasions that she had no living blood relations; that in appreciation of their many kindnesses bestowed upon her, she wanted to deed the property to them; that they endeavored to discourage her from so doing; that finally on June 17, 1941 she insisted upon going to a lawyer's office for the purpose of carrying out her wish; that they accompanied her to the lawyer's office; that there she gave instructions for the drafting of the deeds; that John Krajach refused to accept the deeds unless she (Bara Matanich) would become a joint owner under a deed in joint tenancy with the understanding that she should enjoy the rents and income from the property during her lifetime; that she agreed to the suggestion; that the deeds were then drawn, executed and delivered; and they denied that either of them made any false or fraudulent representations to her (Bara Matanich). The answer further avers that she was fully advised by her lawyer that the deeds she was about to execute were for the purpose of conveying title to the real estate to John Krajach, Violet Krajach and herself (Bara Matanich) as joint tenants, and that upon the death of any of them the property would become vested in the survivors or survivor; and that the deeds were validly executed and were given for a good and valuable consideration. On September 21, 1942 Luka Matanic and Manda Matanic, his wife, filed their petition stating that on August 10, 1942, subsequent to the filing of the petition by Bara Matanich, she, by good and sufficient deeds, conveyed all her right, title and interest in the parcels of real estate to petitioners, Luka Matanic and Manda Matanic, as joint tenants and not as tenants

in common; that they demanded that the registrar file the deeds for record; that he register the title in their names; that he issue certificates of title in their names; that he refused so to do; and they prayed that the court decree that the right, title and interest of Bara Matanich "is now" vested in them as joint tenants and not as tenants in common; that the registrar be required to file the deeds, register them, enter proper memorials upon the register of title and issue certificates of title; that the court enter an order substituting them (Luka Matanic and Manda Matanic) for Bara Matanich as petitioners; and that the court grant to them the relief prayed in the petition filed by Bara Matanich and such other and further relief as equity may require. Answering the petition of Luka and Manda Matanic, respondents stated that it was understood at the time of the conveyance of the parcels of land to them that neither Bara Matanich or respondents would at any time during the lifetime of Bara Matanich convey their respective interests to any third party; that Bara Matanich was to collect the rents from the real estate during her lifetime; that John Krajach was to assist her "physically and financially" within his ability, to maintain the real estate and care for her personal comfort; and that he carried out "his part of the agreement." On March 21, 1944 the circuit court entered a decree based upon the report of the examiner of titles, to whom the cause had theretofore been referred. The court found that the deed of Bara Matanich to Evelyn B. Stajkowski and the deed of the latter to John Krajach, Violet Krajach and the widow was a valid creation of a joint tenancy and was free from collusion or fraud; that the joint tenancy was created in good faith; that the construction "of the arrangement" by the parties left the rents, issues and profits in the hands of the widow for her exclusive enjoyment; that John Krajach and Violet Krajach did not create a fiduciary relationship

with Bara Matanich for the purpose and with the intention of inducing her to convey the real estate to them; that the widow was more than 60 years of age, in ill health; that she had no living blood relatives and that she was intent upon creating a joint tenancy with the Krajachs; that the relations between the parties were friendly until changed by the widow; that the execution of the deed was in no way the result of false or fraudulent representations to the widow; that the deed was given for good and valuable consideration and resulted in the helpful and solicitous care bestowed upon her and outlays of "cash" on her behalf by the Krajachs; that some of the "cash" was repaid at about the time the widow planned to make a different disposition of the real estate if she could; that there was no fixed amount of agreed consideration between the parties "to this first deed reciting $500.00;" that there was no scheme to defraud her; that the existence of the joint tenancy title was known to her at the time of her deed of conveyance to petitioners and could only affect her right, title and interest in the property that she owned. The court further found that "by virtue of the foregoing facts" the title to the premises will be vested in John Krajach and Violet Krajach as to an undivided two thirds interest as joint tenants and not as tenants in common, also will be vested in Luka Matanic and Manda Matanic as to an undivided one third interest as joint tenants and not as tenants in common, and that the certificate of John Krajach and Violet Krajach is subject to a life estate during the life of Bara Matanich, but that the registrar is not authorized by law to issue a certificate of title to the owners except upon an order of court. The court also found that title to the real estate will be vested in John Krajach and Violet Krajach (married to each other) as to an undivided two thirds interest as joint tenants and not as tenants in common, also will be vested in Luka Matanic and Manda Matanic (married

to each other) as to an undivided one third interest as joint tenants and not as tenants in common, upon registration of said deed, free and clear of all liens and encumbrances, except forfeiture on November 20, 1926 for 5th inst. special assmt. War. No. 47861, as appears by Certificate of Title No. 404023; also subject to an assessment for a private alley over the south 10 feet of one lot as shown in Deed Doc. No. 211125; subject also to zoning ordinances of the City of Chicago as shown in Doc. No. 382117; also subject to life estate during the life of Bara Matanich vested in Luka Matanic and Manda Matanic as joint tenants and not as tenants in common (affecting the undivided two thirds interest of John Krajach and Violet Krajach) and any unpaid taxes and assessments that may have become a lien thereon since the issuing of the certificate. The court approved and confirmed the report of the examiner of titles and directed the registrar of titles, upon surrender of the owner's duplicate certificate of title, to cancel these and issue certificate of title to John Krajach and Violet Krajach (married to each other) as to an undivided two thirds interest as joint tenants and not as tenants in common, and to Luka Matanic and Manda Matanic (married to each other) as to an undivided one third interest as joint tenants and not as tenants in common, "upon registration of said deed, free and clear of all liens and encumbrances, except those last hereinbefore mentioned."

The decree confirms the title of John Krajach and Violet Krajach as to an undivided two thirds interest; recognizes a right in Luka Matanic and Manda Matanic to a one third interest; and recognizes that the two thirds interest of the Krajachs is subject to a life estate during the life of Bara Matanich, vested in Luka Matanic and Manda Matanic as joint tenants and not as tenants in common. In an appeal by Luka Matanic and Manda Matanic they ask that the decree be re-

versed; that directions be given for a new trial; that we hold that the deed from Bara Matanich to Evelyn B. Stajkowski and the deed from the latter to Bara Matanich, John and Violet Krajach to be void because made without consideration and because it was tainted with fraud and collusion; and that we further hold that the title to the real estate is now vested in appellants.

The transcript of the testimony taken before the examiner of titles is in the record. The report of the examiner of titles, on which the court acted and which the court approved and confirmed, is not in the record. It is apparent that the report was favorable to the contentions of John and Violet Krajach. The record does not indicate whether any objections to the report were filed with the examiner, whether any exceptions were filed in court, whether any exceptions were urged, or whether there was any objection to the entry of the decree. The transcript shows that various exhibits were introduced, but they are not in the record. Rule 62 of the circuit court of Cook county reads: "All rules with relation to the practice and proceedings before Masters in Chancery, on orders of reference, shall govern proceedings before Examiners of Title under 'An Act Concerning Land Titles,' so far as consistent with the Act." The practice in cases referred to a master in chancery is for the parties objecting to the report to file their objections with the master, and on the disposition of such objections and the rendition of the final report, to file exceptions to the report, or to have an order entered allowing the objections filed with the master to stand as exceptions to his report. Although the record does not show that any exceptions were taken, in view of the fact that the parties are not objecting, we will consider the points raised. For convenience we will speak of Luka and Manda Matanic as the petitioners and John and Violet Krajach as the respondents. Petitioners state that since a fiduciary relationship existed, the burden was

on respondents to prove by clear and convincing evidence that the transaction was not fraudulent. We are satisfied that there was a confidential relationship between the widow and respondents. Where such a relationship exists and a gift is made to the person in whom the confidence is reposed by reason of the relationship, it is prima facie void. The law presumes from the mere existence of the relationship that the gift was obtained by improper means and the burden of proof is upon the donee to show that it was the free and voluntary act of the donor. As stated in *Gregory v. Gregory*, 323 Ill. 380, 385, "Equity does not, however, deny the possibility of valid transactions between the two parties." The mere fact that the Krajachs procured the attorney to prepare the deeds does not prove that they were obtained by improper means. In *Uhlich v. Muhlke*, 61 Ill. 499, the Supreme Court said (510):

"A confidential relation gives cause of suspicion, and the circumstances under which a deed is made during such a relation, must be closely scanned; and if a reasonable suspicion exists that confidence has been abused where reposed, the deed should be set aside. Suspicion may be removed, and when the circumstances attending this transaction are closely scanned, not a scintilla of doubt can remain that the whole thing was the outpouring of grateful hearts to the best and most cherished friend they had on earth, and who has raised them up from misery to happiness."

In *Fisher v. Burgiel*, 382 Ill. 42, the court said (52):

"It is settled law that courts of equity will not set any bounds to the facts and circumstances out of which a fiduciary relationship may spring. The fiduciary relationship with its legal incidents includes not only all legal and technical relations such as guardian and ward, attorney and client, principal and agent and the

like, but it extends to every possible case in which a fiduciary relationship exists in fact, and in which there is confidence reposed on one side and resulting domination and influence on the other. (*Beach v. Wilton,* 244 Ill. 413; *Kosakowski v. Bagdon,* 369 id. 252.) The relationship need not be legal but it may be either moral, social, domestic, or merely personal. *Seeley v. Rowe,* 370 Ill. 336; *Mors v. Peterson,* 261 id. 532; *Roby v. Colehour,* 135 id. 300; *Feeney v. Runyan,* 316 id. 246.

"When the relationship is established, the burden is on the one profiting by the transfer of property to show that it was procured fairly and without the exercise of undue influence. If such relationship existed at the time of the transfers, then the transactions are deemed to be presumptively fraudulent and will be set aside, unless the one in whom the confidence and trust was reposed establishes their fairness by clear and convincing proof."

The burden was on respondents to establish by clear and convincing proof the fairness of the transactions whereby the parcels of real estate were conveyed to them.

The evidence as to the existence of the confidential relationship between respondents and Bara Matanich is clear. It was the province of the examiner of titles in the first instance to pass upon the credibility of the witnesses. While his findings do not carry the same weight as the verdict of a jury, nor of a chancellor where the witnesses have testified before him, yet the examiner's findings are entitled to due weight on review of the cause. His conclusions as to the facts have been approved by the chancellor. In that situation we are not justified in disturbing the findings unless they are manifestly against the weight of the evidence. *Fisher v. Burgiel,* 382 Ill. 42, 53. There was competent evidence that Bara Matanich and

respondents were friends and neighbors for 22 years; that after the death of her husband, Bara Matanich spent a great part of her time in the company of respondents, visiting them almost daily; that on account of their friendship she wanted to give her parcels of real estate to John Krajach; that he would not accept the real estate unless title was placed in the name of Bara Matanich, himself and his wife, with the understanding that Bara Matanich would have all of the rents and control of the real estate during her lifetime; that at the suggestion of Bara Matanich the parties went to the office of an attorney, where she told the attorney she wished to give her property to John Krajach; that the latter told her he would not accept the real estate unless Bara Matanich owned it with him; that the attorney told her the deed would have to be made in joint tenancy; that she told him to do it that way; that the attorney had his stenographer draw the deeds; that nothing was said about any consideration; that the attorney instructed his stenographer to show the consideration as $500 and "other good and valuable consideration"; and that the deeds were drawn, executed and delivered. We have carefully read the transcript of the testimony and find that the examiner of titles was justified in his findings and recommendations. He was right in finding that respondents had sustained the burden imposed upon them of proving that the deeds were procured fairly, without fraud, and without the exercise of undue influence. As the findings and recommendations were approved by the chancellor, we would not be justified in disturbing them. The examiner and the chancellor believed the testimony of respondents' witnesses and entered their findings accordingly. No good purpose will be served by relating the testimony of the witnesses. Petitioners urge that "since respondents knew that the death of Bara Matanich was imminent, the deed based upon consideration of support raised a

presumption of fraud,'' and that respondents admit they knew Bara Matanich was suffering from a malignant tumor and that nothing could be done for her. Petitioners cite in support of their point, 18 C. J. § 164, p. 238. On looking at this section, we observe that the case cited in support of the statement is *Fletcher v. Nichols*, 157 Ky. 23, 162 S. W. 544. In the Kentucky case the court sustained a gift made by a physician who was suffering from heart disease, and the court discussed the principle to be applied in case of the sudden death of a party who was to be maintained during life. In our opinion the Kentucky case is not applicable to the factual situation presented by the record in the instant case. It is interesting to note that § 165, p. 238, 18 C. J., the page containing petitioners' quotation, also states that ''undue influence will not be presumed from the mere fact that a deed was executed by the grantor while in his last sickness.''

■ Petitioners maintain that ''in view of the fact that Bara Matanich was unable to read or speak the English language, the deed should be set aside for the reason that she was induced to believe it was a bond.'' She testified that she spoke Croatian, but could not speak, read, write or understand English or any language other than Croatian. She signed her name with a mark. The attorney who drafted the deeds testified that in addition to English he spoke the Croatian and Serbian languages. John Krajach testified that he was a Serbian, and that in addition to English he spoke the Serbian, Croatian and Polish languages, and that Bara Matanich spoke Croatian and Serbian. The examiner and the chancellor were justified in concluding that Bara Matanich was fully informed as to the transaction involving the conveyance of her real estate through communication with her by means of the Croatian or Serbian languages.

■ ■ Finally, petitioners assert that parol evidence cannot be introduced to show that the consid-

eration was something other than that recited in the deed. In *Gregory v. Gregory*, 323 Ill.380, the Supreme Court said (388): "Appellees make some point of the fact that the conveyance was made without consideration. This is immaterial. The owner of land has the same right to give it away as he has to sell it." In *Mees v. Steffey*, 310 Ill. 161, the Supreme Court said (169):

"There is no pretense that there was an adequate consideration for the conveyance in this case or any consideration whatever. There was no bargain for the sale of the property. The conveyance was entirely voluntary. An owner of property may give it away without any consideration and there is not the slightest doubt that a conveyance is ordinarily valid without any consideration. (2 Tiffany on Real Prop. sec. 438.) It is well settled that although voluntary conveyances are or may be void as to existing creditors, yet they are valid and effectual as between the parties and cannot be set aside by the grantor if he should become dissatisfied with the transaction."

One of the parcels involved is commonly known as 10911 Hoxie avenue. A witness familiar with real estate values in that vicinity testified that this parcel had a reasonable value of $1,870. Another parcel is commonly known as 2617 East 109th street, and this was valued at $2,600. These two parcels of land were improved. Another parcel of land is commonly known as 10913 Hoxie avenue. This was valued at $475. Two of these parcels are registered under the Torrens system of land registration, while on the third there is an owner's guarantee title policy. It appears that Bara Matanich executed deeds covering the three parcels of land, but the instant case involves only the two registered parcels. Petitioners in their brief state that subsequent to the execution of the deeds by Bara Matanich on June 17, 1941, she executed a quitclaim

deed conveying the same property to them, and that when the latter offered the deed to the registrar of deeds "he learned for the first time that a deed was of record purporting to show that Bara Matanich had by mark executed a deed to one Evelyn B. Stajkowski, and that she in turn executed a deed to Bara Matanich, John Krajach and Violet Krajach, as joint tenants and that those deeds had previously been recorded." When Luka Matanic, one of the petitioners, was testifying, he made an offer of proof. In this offer of proof he was asked when he first learned that Bara Matanich had transferred her property to the Krajachs and herself, and he answered: "March 22, 1942." He was asked how he remembered that date and he said because he went to church on a special occasion. (Rec. 225.) It is apparent that petitioners knew on March 22, 1942 that Bara Matanich had transferred her property. The deed from Bara Matanich to petitioners was executed on August 10, 1942. At the time the latter deed was executed petitioners knew that the grantor had previously transferred the same property on June 17, 1941. Presumably an order was entered substituting Luka and Manda Matanic as petitioners. As the case developed, the dispute as to the title ceased to be one between Bara Matanich and respondents and became one between petitioners and respondents.

For the reasons stated the decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

KILEY and LUPE, JJ., concur.