## C. Otto Anderson, Appellant, v. Lon Eastman, Appellee.

### Gen. No. 5588.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

2. SALES—*when instructions as to warranty proper.* Instructions are good where their effect is to tell the jury that if a complete contract of sale with or without warranty had been made on the previous day then such subsequent representations, made after the property was delivered and accepted but before the last of the money had been paid, would not constitute a warranty where no new or additional consideration was paid.

3. INSTRUCTIONS—*effect of use of word "plaintiff" where "defendant" was intended.* Such a clerical error if obvious to the jury will not effect a reversal.

Action commenced before justice of the peace. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

JOHNSON & JOHNSON, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Anderson bought a horse of Eastman and paid him $82.50 therefor. The horse had the heaves. Anderson brought this suit against Eastman to recover damages for a breach of an alleged warranty that the horse was sound, and had a judgment before a justice of the peace, but on a trial in the Circuit Court on appeal, there was a verdict and a judgment for Eastman, from which Anderson appeals.

Appellant and his witnesses testified to a warranty that the horse was sound and of good wind. Appellee and his witnesses testified that there was no warranty,

except that the horse was not balky.   Appellant and his witnesses testified that if the horse had been sound, he would have been worth about what appellant paid for him and that, in the condition in which he actually was, he was worth about $2.00 or $2.50.   Appellee and his witnesses testified that if the horse had been sound he would have been worth about $150 and that, in the condition in which he was when sold, the horse was worth from $80 to $100.   Upon these subjects there is no clear preponderance of the evidence either way.   The jury saw the witnesses and heard them testify and the trial judge has approved their verdict and the judgment cannot be disturbed here upon the evidence in this record.

Appellant argues that the 8th and 12th instructions, given for appellee, were erroneous.   They were to the effect that if any representations were made by appellee after the sale of the horse was consummated and without a new consideration moving from appellant to appellee, then such representations would not constitute a warranty.   The horse was examined and bought on a certain day, on which day in the course of making the bargain appellant now claims the horse was warranted to be sound and appellee now claims that he was only warranted not to be balky.   Five dollars was then paid down for the express purpose of binding the bargain.   All the details of the contract had been agreed upon.   Appellee was to deliver the horse the next day and the rest of the purchase price was then to be paid.   Appellee took the horse to appellant's home the next day and delivered him to appellant, as agreed, and appellant then paid appellee the balance of the agreed purchase price.   Appellant and his two daughters testified that after the horse had been delivered to appellant at the barn and before the money was paid in the house, appellee said the horse was sound, and appellant testified that this was in answer to a question put by him.   Appellee denied

that he made that statement. The effect of these instructions was to tell the jury that if a complete contract of sale with or without warranty, had been made on the previous day, then such subsequent representations, made after the horse was delivered and accepted but before the last of the money has been paid, would not constitute a warranty, where no new or additional consideration was paid. We understand these instructions to correctly state the law. In the 8th instruction the word "plaintiff" is used where the word "defendant" was intended, but appellant has made no point upon that mistake and it is obvious that it did not mislead the jury.

The judgment is therefore affirmed.

*Affirmed.*