(No. 27967.— )

MARILYN R. BURROUGHS, Appellee, *vs.* FRANK G. MEF-
FORD *et al.,* Appellants.

*Opinion·filed September 19, 1944.*

Parker & Cox, of Robinson, for appellants.

Charles E. Jones, of Robinson, for appellee.

Mr. Justice Stone delivered the opinion of the court:

This cause is here to review a decree of the circuit court of Crawford county setting aside a deed of Marilyn R. Burroughs to appellant Selena Rousch, conveying an undivided one-fourth interest in certain lands described therein, and personal property also described in the deed.

The facts are as follows: One William Rousch died intestate leaving appellant Selena Rousch, his widow, Emogene Mefford, Elsie Phipps and Frances Guy, his daughters, and appellee, daughter of a deceased son, as his sole heirs-at-law. He owned real estate of a value in the neighborhood of $40,000. In July, 1940, appellant Emogene Mefford was appointed guardian of appellee, who was then a minor. For about a year prior to the making of the deed here involved, appellee lived with Emogene Mefford and Frank, her husband. About April 14, 1943, a warranty deed was prepared, with the three daughters of William Rousch and their husbands, and appellee, as

grantors, conveying to Selena Rousch, widow of William Rousch and mother of the three adult grantors, all the interest in the lands left by William Rousch. Appellee became 18 years of age on July 25, 1943. She was engaged to marry Paul Burroughs and the wedding was fixed for the date of her eighteenth birthday. On the evening of July 24, 1943, she was informed by Emogene and Frank Mefford that as she was becoming of age the next day, it would be necessary that some papers relative to her guardianship be signed, and that arrangements had been made to meet one Phillips, a notary public, at his office, at 7 o'clock the next morning. Accordingly, on the morning of July 25, appellants Emogene and Frank Mefford took appellee to Phillips's office. Mefford handed appellee a deed and requested her to sign it. After some objection and asking why the matter had not been presented to her before, she did sign the deed, after consulting with Burroughs, and left the office of Phillips. She and Burroughs were married that day.

About two months thereafter she filed a complaint against appellants to set aside the deed, alleging want of consideration, the existence of a fiduciary relationship between her and Emogene Mefford, her guardian, alleging the ignorance of appellee in business affairs, the false representation of the Meffords that the deed related to guardianship matters, and charging that they withheld from her all knowledge of the deed until the morning of her marriage, thus giving her no opportunity to obtain independent advice. She alleged she did not, at the time she signed the deed, understand it. Answers were filed denying fraud or misrepresentation or undue advantage, and averring that appellee is intelligent and educated and knew at the time she executed the instrument that it was a deed and what its effect would be. On hearing before the chancellor, a decree was entered setting aside the deed and ordering an accounting.

Two principal assignments of error are made here. The first is that the decree is broader than the complaint on which it is founded, and, second, it ignores the positive evidence submitted by appellee's own witnesses. It is a rule well established that a plaintiff must recover on the case made by his complaint supported by evidence. He cannot state one cause of action in his complaint and make out a different one by his proof. (*Gregory* v. *Gregory*, 323 Ill. 380.) In this case the issue made by the pleadings was whether the deed was wrongfully, fraudulently and without consideration obtained from appellee under circumstances justifying the trial court in setting it aside. It is clear from reading the abstract that appellee was induced by Emogene and Frank Mefford to go to the office of the notary public on the day of her eighteenth birthday, the day on which she also was to be married, with the understanding that she was to execute some papers relative to the guardianship, which was about to cease by reason of appellee's becoming of legal age. At the notary's office she was presented a deed. Nothing had been told her prior to that time of the purpose to have her execute a deed. It is also clear that a fiduciary relation existed between Emogene Mefford and appellee and that appellee was ignorant of the legal purport of the deed. These were the charges in the complaint. These facts are found by the decree. It appears, therefore, that the decree is definitely within the scope of the complaint, and this contention of appellants cannot be sustained.

Counsel for appellants appear to place some importance upon certain observations made by the chancellor in rendering his decree. Such observations on the evidence are not a part of the decree. This court reviews only the decree and even though the reasons given may not be sound, the decree will be affirmed if it is supported by the pleadings and the evidence.

Appellants also argue that, under the proof made by appellee, the existence of a fiduciary relationship between appellee and appellant Emogene Mefford, arising out of the relationship of guardian and ward, had terminated, as appellee became of legal age some eight hours preceding the presentation of the deed for her signature. This contention appears to be based upon the theory that since, upon arrival at the age of eighteen, the authority of the guardian over appellee had expired, there can be no recovery based upon a fiduciary relationship as alleged in the complaint.

Courts of equity hesitate to set limitations as to the facts and circumstances upon which a fiduciary relationship may arise. Such relationship includes not only all legal and technical relations, such as guardian and ward, attorney and client, principal and agent, and the like, but extends to every possible case in which a fiduciary relationship exists in fact and in which there is confidence reposed on one side and a resulting domination and influence on the other. The relationship need not be legal, it may be either moral, social, domestic or merely personal. When such relationship is established, the burden is upon one profiting by transactions arising out of that relationship to show that such transactions were conducted fairly, without the exercise of undue influence and for a valuable consideration. A transfer made to one who exercises a dominant position in a fiduciary relationship with the transferor is presumptively fraudulent and will be set aside unless the one claiming the benefit thereof establishes its fairness by clear and convincing proof. *Fisher* v. *Burgiel*, 382 Ill. 42; *Children's Home of Rockford* v. *Andress*, 380 Ill. 452; *Seely* v. *Rowe*, 370 Ill. 336; *Mors* v. *Peterson*, 261 Ill. 532.

In *McParland* v. *Larkin*, 155 Ill. 84, where a deed was procured from an erstwhile minor within a short time after she had reached her majority, and before final settlement of guardianship matters, it was argued that the deed

was made with full knowledge of the facts, and that, as it was executed six days after plaintiff arrived at her majority, it was not, therefore, to be questioned. The chancellor, however, set the deed aside, and in affirming that decree this court observed: "The presumption of influence on the part of the guardian, and the dependence of the ward, continues after the legal condition of guardianship has ended, and transactions between them, during the continuance of the presumed influence of the guardian, will be set aside, unless shown to have been the deliberate act of the ward, after full knowledge of her rights. In all such cases 'the burden rests heavily upon the guardian to prove the circumstances of knowledge and free consent on the part of the ward, good faith and absence of influence, which alone can overcome the presumption.' It is not necessary in such cases, that actual and intentional fraud be established. It is sufficient when the parties sustained the relation of guardian and ward, that the former has gained some advantage by the transaction with his ward, to throw the burden of proving good faith and absence of influence, and of knowledge and free consent of the ward, upon the guardian." In the case before us the chancellor heard and saw the witness and was of the opinion that the presumption of undue influence was not overcome. We would not be justified on this record in overturning that finding.

Appellants argue, however, that appellee is estopped to raise the issue of want of consideration since the conveyance was voluntarily made, and in such a case consideration is not material. They cite *Fleming* v. *Rehcis,* 275 Ill. 132. The decree setting aside the deeds in that case was grounded solely upon the findings that the deeds were without consideration and that none of them were delivered. It was, in that case, stated that the rule is that a consideration of one dollar and other good and valuable consideration, stated in a warranty deed duly acknowledged, cannot be contradicted by parol for the purpose of

destroying the legal effect of the deed as a conveyance, and the grantor is estopped to make any such claim when the effect of such claim is to deny the validity of the deed. That case is not in point here.

While want of consideration or inadequacy of consideration, standing alone, does not usually afford grounds for equitable relief in a case such as this, and ordinarily is of little weight as evidence of fraud, yet when accompanied by circumstances of overreaching, oppression or undue influence, or when through ignorance, age, mental or physical condition of a grantor, or by misrepresentation, surprise or stress of financial circumstances, he is led into an improvident bargain, these facts may form the basis for equitable relief. (*Huiller* v. *Ryan,* 306 Ill. 88; *Walker* v. *Shepard,* 210 Ill. 100; *Hardy* v. *Dyas,* 203 Ill. 211.) In the *Walker case,* cited, it was held that where circumstances of such character exist, proof of gross inadequacy of consideration becomes evidence of fraud. Where the inadequacy of consideration is so great as to shock the conscience of a court of equity, and stamp the entire transaction with fraud from its inception, relief will be afforded in equity. (*Fecht* v. *Freeman,* 251 Ill. 84; *Schwarz* v. *Reznick,* 257 Ill. 479; *Witherwax,* v. *Riddle,* 121 Ill. 140.) In the case before us it is admitted no consideration was paid for the execution of the deed. It is also admitted that the Meffords told appellee that the purpose of going to the notary public's office was to sign some papers relating to the guardianship matter. The deed conveyed all her interest in valuable farm lands which appellee had inherited from her grandfather. She was given no explanation as to why she should execute the deed, and no opportunity to consult with an attorney or anyone who would advise her as to her rights and what the effect of the deed would be if she executed it. Her fiance declined to discuss it with her.

Appellants also argue that since there is no allegation or proof that appellant Selena Rousch, the grantee in the

468

deed, participated in the transaction, it was error to set aside the deed as to appellee. Frank Mefford testified he was the agent of grantee. He is her son-in-law, and husband of appellee's guardian. Appellant Selena Rousch did not deny the agency and the proof shows that she knew of the plan to secure the deed and approved of it. To permit the grantee under such facts to profit by the instrument, would shock the conscience of a court of equity.

The final contention of appellants is that the court erred in assessing the costs against all the defendants, for the reason that Frank and Emogene Mefford obtained no benefit from the transaction and were not necessary parties to the suit at all, and the costs should have been assessed against Selena Rousch, the beneficiary. Since it is clear from the evidence that Frank and Emogene Mefford were the moving influences in procuring the deed from appellee, this contention is without merit. The decree of the circuit court is affirmed.

*Decree affirmed.*