Olney Seed Company, Inc., Appellee, v. Johnson Farm
Equipment Company, and Nix Brothers, Partner-
ship, Appellants.

Term No. 50–0–12.

Opinion

filed February 27, 1951.   Released for publication March 30, 1951.

CRAIG & CRAIG, of Mt. Vernon, for certain appellant.

R. E. BOLEY and ROBERT M. WHAM, both of Olney, for certain other appellants.

R. M. SHAW and WALKER J. HENRY, both of Lawrenceville, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Richland county against appellants, Johnson Farm Equipment Co., a corporation, and Nix Brothers, a partnership (hereinafter called defendants), and in favor of appellee, Olney Seed Company, Inc. (hereinafter called plaintiff), in the sum of $800 and costs. The cause was tried without a jury.

The action was filed by the plaintiff as against defendants, apparently to recover damages from defendants predicated on a claim of breach of warranty based on a contention that fifteen out of twenty-five certain farm wagons which were purchased by plaintiff from the defendant Nix Brothers, retail implement dealers at Olney, on October 22, 1947, were not as

warranted. Defendant Johnson Farm Equipment Company were wholesalers who had sold the wagons to Nix Brothers. Nix Brothers supplied tires for the wagons. The pleadings filed in the instant case set forth the fact of the purchase of the farm wagons from Nix Brothers and recited that there had been an oral warranty that the wagons would carry six tons, and that such warranty was untrue in that in a short time after the purchase of the wagons, the wagons had broken down; that plaintiff gave notice to Nix Brothers of the falsity of the warranty, and that afterward defendant Johnson Farm Equipment Company wrote plaintiff a letter, dated December 1, 1947 (in which such company advised that, ''Referring to the twenty-five special . . . Johnson gears . . . sold you through Nix Brothers, Olney, Illinois: this letter is to confirm that these gears are guaranteed to carry a load of six tons under normal conditions, and if any defect should develop, during next season, due to defective material or poor workmanship, the defective parts will be replaced free of charge. We state above 'next season' because we feel certain that if any such defects exist they will show up shortly''). The complaint then recited that the defendant, Johnson Farm Equipment Company did send spindles to replace those that broke, and by reason of the gears being of such quality they are worthless to plaintiff and plaintiff stands ready to return them to defendants. The complaint also recites that during 1947 and 1948, plaintiff suffered great loss of business, in addition to the purchase price of $12,729, all in the amount of $25,000.

The answer of defendant, Johnson Company, admits the mailing of the letter and the agreement to replace defective parts, but alleges the letter was mailed voluntarily nearly two months after the purchase as a matter of good will, without any consideration, and that its promise to furnish replacements was never-

theless fully carried out. The defendant, Nix Brothers, denied that any warranty had been made concerning the wagons, and admits there had been some complaints which Nix Brothers had relayed to the Johnson Company, and denied the other allegations of the complaint.

Upon the basis of the testimony offered at the trial it becomes apparent that plaintiff Olney Seed Company sought to recover money damages from both defendants jointly on the theory that both had warranted that the twenty-five farm wagons would carry a six-ton load. It was shown that some of the wagons had broken down under a four-ton load, and it was apparently the theory of plaintiff that defendants were jointly chargeable with amounts which were expended by plaintiff for keeping the wagons in good running condition during 1949 and 1950. After the purchase of the wagons in October 1947, plaintiff made its principal payment of $10,000 on December 12, 1947. On December 16, 1947, the Johnson Farm Equipment Company mailed the letter to Olney Seed Company, in which it undertook to replace defective parts and materials during 1948 free of charge. The evidence showed that the wagons were in constant use by plaintiff from the time they were purchased up to the date of the trial, and that defendant Johnson Farm Equipment Company had furnished all the replacement parts it was requested to supply.

On January 28 of 1948, after the receipt of the Johnson Company letter, the plaintiff, Olney Seed Company, had made final payment to Nix Brothers of $2,508.14, receiving a credit of $221.20 on the former balance. The evidence shows that the wagons were never returned to Nix Brothers and the plaintiff apparently refused to pay Nix Brothers the balance until it had a letter from the Johnson Company guaranteeing the wagons. No evidence was submitted of any offer at the time of trial or previously to return the wagons

or, of a difference between the purchase price and the real value of the wagons, if any such difference existed, or, between the purchase price and the market value of the wagons. The only evidence of damage which was offered was contained in an exhibit showing expenditures by plaintiff, ostensibly to maintain the wagons in running condition during 1949 and 1950. These expenditures which were set forth on an exhibit but not clearly established by the evidence, aggregated $2,014.50. Another item set forth for an alleged loss of five cents per bushel in hauling wheat and beans, aggregated $5,257.20. The evidence showed that the wagons were kept in operation during the period referred to. Plaintiff contends by way of cross-appeal that the judgment entered was inadequate.

On appeal in this court both defendants contend that under the pleadings and the evidence in this cause no judgment could be sustained as to either defendant, principally because there was a variance between the complaint and the evidence offered to prove the complaint; that since plaintiff had determined not to rescind the purchase it could not thereafter under the issues in the case recover the cost of reconditioning the wagons; that since there was no evidence of the value of the wagons so that a difference between the value of the wagons and the price paid could be determined, there was no basis for recovery as against either defendant; that the alleged damages were not proven in accordance with the rules of evidence; and that there was no consideration for a new promise in the nature of a warranty since the letter from the Johnson Company was sent after the purchase had been completed; and that any promise made by Nix Brothers after payment for the wagons was also without consideration.

It is apparent from the evidence that after the purchase had been completed there was no new or additional consideration, and that any representa-

553

tions made thereafter, whether by Nix Brothers or the Johnson Farm Equipment Company, were not supported by any new consideration, and therefore such subsequent representations or promises could not constitute a warranty (*Anderson v. Eastman,* 168 Ill. App. 172). The record shows that the Johnson Farm Equipment Company actually carried out the terms of the letter which was sent to such company, even though, theoretically, such undertaking might not have been enforcible.

■ While the complaint contains allegations which are predicated upon a theory of rescission, the evidence which actually was submitted was based upon a claim for damages arising from the necessity of expending sums of money to keep the wagons in repair and damages resulting therefrom. It is difficult to determine how such evidence could be consistent with the theory of the complaint which was based upon a breach of warranty and contained allegations that the gears were worthless and that the plaintiff offers to return the wagons. The evidence as to damages was at variance with the issues made by the pleadings. Under the evidence plaintiff presumably ratified the purchase and retained the gears after receiving the Johnson Farm Equipment Company's letter and settling for an allowance of $221.20, apparently as compensation for defects plaintiff claimed up to that time.

■ Under the pleadings and the evidence in this cause we can find no basis in the law upon which either defendant could now be charged for the subsequent upkeep of the wagons on the theory that the wagons would not carry six tons. The evidence showed that plaintiff had elected to keep the wagons, and apparently abandoned plaintiff's right to rescind, even if it is assumed that there was a complete breach of warranty through a failure to furnish wagons which would carry six tons. Under the facts, in view of the variance

between the allegations of the complaint and the evidence (*Burroughs v. Mefford,* 387 Ill. 461; *Gregory v. Gregory,* 323 Ill. 380; *Ballard v. Trainor,* 285 Ill. App. 509), and in view of the fact that plaintiff apparently had determined not to rescind, a judgment based upon the cost of reconditioning the wagons cannot be sustained, particularly in absence of any evidence of the difference in value between the value of the property at time of sale and what it would have been had the property been as warranted (*Wheelock v. Berkeley,* 138 Ill. 153; *Moore Furniture Co. v. Sloane,* 166 Ill. 457; Ill. Rev. Stat. 1949, ch. 121½, par. 69, subpar. (7) [Jones Ill. Stats. Ann. 121.73, subpar. (7)]). It is, therefore, our conclusion that the judgment of the circuit court of Richland county cannot be sustained as against either defendant.

The judgment of the circuit court of Richland county is, accordingly, reversed and judgment is entered in this court in favor of the defendants.

*Reversed, and judgment entered here.*

Scheineman, P. J., and Bardens, J., concur.