DONALD A. HROSIK, Plaintiff-Appellee, *v.* J. KEIM BUILDERS *et al.,* Defendants-Appellants.

Second District (2nd Division)    No. 75-19

Opinion filed April 13, 1976.

Ralph L. Dichtl, of Wheaton, for appellants.

Donald A. Hrosik, *pro se.*

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant, Seery and Keim Realtors, appeals from a small claims court judgment assessing defendant $84 plus $9.50 court costs for repairs to equipment in the model home which plaintiff had purchased through defendant. Another defendant, J. Keim Builders, was not served with summons and in the bench trial was dismissed as a party defendant.

On July 3, 1971, plaintiff, through defendant, purchased a home which had been used as a model for the previous three years. After the purchase agreement was signed but prior to plaintiff's occupancy of the premises, plaintiff received a letter, dated July 21, 1971, from the defendant indicating, among other things, that "there will most certainly be a warranty on the equipment in your new house." Shortly after occupancy of the premises, plaintiff discovered various defects in the house and the equipment therein. He apprised the builder of these defects in a letter dated August of 1971, and again wrote the builder in this regard in July of 1972. Some of the defects were subsequently repaired; but a malfunctioning outdoor gas light and improperly fitted damper in a range hood were not. On July 18, 1974, plaintiff filed a *pro se* suit in small claims court to recover the cost of having these items repaired. The judgment amount represents the repair costs on these two items. The basis for plaintiff's recovery was defendant's above-mentioned letter which, the trial court found, constituted a warranty by Seery and Keim Realtors extending to these items.

On appeal, defendant asserts that its letter of July 21, 1971, did not create a warranty of the quality of equipment in plaintiff's home; that, even if the letter did create a warranty, plaintiff cannot recover because he failed to give the realtor notice of the defects within a reasonable time and because any warranties were merged into the subsequently accepted warranty deed.

■■ Pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1973, ch. 110A, §323(c)), a bystander's record was prepared by defendant and notice thereof was mailed to plaintiff. No amendment was presented by plaintiff in the time allowed, and the trial court certified the bystander's record to be included in the record on appeal. This report of proceeding indicates that the parties agree that with respect to the subject matter of the lawsuit there is no relationship between J. Keim Builders and Seery and Keim Realtors, except that the realtor had been retained by the builder to sell the property which plaintiff purchased. On appeal, plaintiff disputes this statement, claiming that the blood relationship between the named contractor and Mary Keim—who is builder Joseph Keim's sister as well as a principal of defendant realtor—created a special community of interest between the two defendants with respect to the plaintiff, and it

was out of this relationship that the alleged warranty by defendant realtor arose. It is sufficient to say that this court must accept on appeal the verity of the stipulation set forth in the certified report of proceedings. The trial judge's certification of the report of proceedings is conclusive (*Gebhardt v. Warren*, 399 Ill. 196, 199 (1948)), and may not be contradicted by extrinsic matters. *People v. Spence*, 133 Ill. App. 2d 171, 172 (1971); see also *Kazubowski v. Kazubowski*, 45 Ill. 2d 405, 416 (1970); *Calcese v. Cunningham Cartage, Inc.*, 25 Ill. App. 3d 1094, 1098 (1975).

■■■ Essential to the formation of a warranty is the buyer's reliance on the representations of the seller. (*Admiral Oasis Hotel Corp. v. Home Gas Industries, Inc.*, 68 Ill. App. 2d 297, 302 (1965).) When, prior to the time the alleged warranty is made, buyer has already obligated himself to the purchase, this element of reliance is missing. Unless supported by new or additional consideration, representations made subsequent to sale do not constitute a warranty (*Olney Seed Co. v. Johnson Farm Equipment Co.*, 342 Ill. App. 549, 553-554 (1951).) In the case at hand, plaintiff, on July 3, 1971, obligated himself by written purchase contract to buy the home. The alleged warranty was not made until July 21, 1971. Plaintiff does not suggest that he gave additional consideration after July 3, 1971, to either the builder or the realtor to secure the alleged warranty; under these circumstances, plaintiff cannot maintain that he relied upon realtor's letter in entering the purchase contract.

We therefore hold that defendant's letter to plaintiff, dated July 21, 1971, did not constitute a warranty of quality on the equipment in plaintiff's home. The judgment of the trial court must be reversed and because of this holding, we find it unnecessary to reach the other issues raised and argued in defendant's appeal.

Judgment reversed.

DIXON and RECHENMACHER, JJ., concur.